## Case No. 3,214.

### COPLEY v. RIDDLE.

[2 Wash. C. C. 354.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

#### EJECTMENT—TITLE TO SUPPORT.

A warrant and survey, and consideration money paid, is sufficient title to maintain ejectment in this court; but no proof of payment appearing, the plaintiff was nonsuited.

[Cited in Cawley v. Johnson, 21 Fed. 495; Herron v. Dater, 120 U. S. 472, 7 Sup. Ct. 620.]

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

The plaintiff deduced his title in the following manner. Settlement and improvement by Clark and Brauner, in 1762, who, in that or the next year, sold to Samuel Fenton, who sold to Samuel Perry. In 1777, Perry sold to Rea, who conveyed to James Bogle, who sold to Andrew Bogle. The latter, in 1784, conveyed to Robert Simple, who, in 1789, conveyed to John Copley. The lessors of the plaintiff, are the heirs of William Copley, who purchased this land at a sheriff's sale, under an execution against John Copley. No patent was ever granted for this land, nor did it appear that the consideration money had ever been paid to the proprietor, or to the commonwealth. It appeared that an application was made for this land in 1766, in the name of John Mease, junior, and it was surveyed, upon that application, in 1768. The name of Mease was made use of by the real person, who located the land, and the dispute respecting the title, depended upon a question of fact, whether this survey was made for Perry, under whom the plaintiff claims, or for Samuel Buchanan, to whom John Mease, junior, assigned. There were other points of difference about the title, but the court decided, that the lessor of the plaintiff had not a legal title sufficient to maintain an ejectment in this court. The case of Sims v. Irvin [3 Dall. (3 U. S.) 425] goes no farther than to determine that a warrant and survey, and payment of the consideration, gives a legal right of entry, sufficient to maintain an ejectment; and in that case, the compact between Virginia and Pennsylvania was not overlooked by the court, as influencing the doctrine laid down in that case.

The plaintiff suffered a nonsuit.

NOTE. In this case, the doctrine of prior possession, giving a right to recover in ejectment, was mentioned, but though not decided, was discountenanced by what fell from the court. In support of the doctrine, Vaughan, Cro. Eliz.; 2 Saund. 111; 1 Hawk. P. C. 64, 154; 16 Vin. Abr. 457, pl. 3,—were cited.