DANIEL OATMAN AND PHILO BUCK *v.* GEORGE FOWLER.

*Trespass quare clausum.   Power of Attorney.   Possession.
Records.   Survey.   Conveyance.*

To sustain the action of trespass *quare clausum* the plaintiff must show legal title or actual possession of the *locus in quo*.

Where a conveyance of land is executed by virtue of a power of attorney, the power must accompany the grant upon the records in order to connect the grant with the grantor; otherwise the attorney in fact can convey no title to the land.

The record of a copy of such power of attorney is without warrant of law and una-
vailing.
The record of a survey is evidence neither of title or possession, and the marking
trees around a field of land in the forest is not of itself actual possession.

TRESPASS *quare clausum* for entering on lands in Sunderland and cutting timber. Plea, the general issue. Trial by jury at the June term, 1870, WHEELER, J., presiding.

On the trial it appeared that Sunderland was granted July 30, 1761, by Benning Wentworth, then Governor of the Province of New Hampshire, to sixty-eight proprietors, and that the Society for the Propagation of the Gospel in Foreign Parts was one of the proprietors, and John Searls and John Quackenbush two others. That upwards of nine thousand acres of land in Sunderland is yet undivided and common.

That on the 26th day of September, 1831, the Society for the Propagation of the Gospel, by power of attorney under its corporate seal, authorized Alexander V. Griswold and others, and the survivors or survivor of them, to take possession of all the lands belonging to the society in this state, with full power for them, the survivors or survivor, or a majority of them, to appoint under-agents to lease the society's lands and collect the rents; that on the 5th day of February, 1833, these agents appointed Major Hawley agent for that society for the county of Bennington, by a power of attorney executed to him for that purpose, which gave him control of the lands of the society in that county. He has ever since continued to be such agent, but his said power of attorney has been lost for several years.

That in 1841 Major Hawley caused this power of attorney to be recorded in the land records of Shaftsbury. Neither of said powers of attorney have ever been recorded in the land records of Sunderland, but a copy of the record of said power of attorney to Hawley in Shaftsbury, was, on the 7th day of May 1870 recorded in Sunderland.

All the other material facts in the case are stated in the opinion of the court. The court directed a verdict for the defendant. Exceptions by the plaintiffs.

*A. L. Miner*, for the plaintiffs.

*H. K. Fowler*, for the defendant.

The opinion of the court was delivered by

REDFIELD, J. This is an action of trespass, *quare clausum fregit*, for entering and cutting timber on lands in Sunderland.

To sustain the action, the plaintiffs must show legal title, or *actual* possession of the *locus in quo*.

In proof of title the plaintiffs show that " The Society for the Propagation of the Gospel in Foreign Parts " was one of the 68 original proprietors of the town of Sunderland ; that on the 26th of September, 1831, said society, under its corporate seal, executed a power of attorney to Bishop Griswold and others, authorizing them to take charge of, let, and lease all its lands in this State, with power to appoint sub-agents with like authority ; that on the 5th of February, 1833, said Griswold and others appointed Major Hawley local agent of said society, to take charge of and lease its lands in the county of Bennington ; that on the 24th of June, 1859, Major Hawley, as such agent, leased all the lands of said society in Sunderland to Giles B. Bacon ; that in May, 1865, Bacon agreed with the plaintiffs that they might have, and that he would lay out to them, a piece of the undivided land in Sunderland, and they marked round the piece they wanted ; that on the 8th of September, 1865, Bacon caused said piece of land to be surveyed and plainly marked, and the survey recorded, and on the same day executed his deed of warranty to the plaintiffs, " of 25 acres of lot No. 9, drawn to the original right of John Searls; and 16 acres of lot No. 13, drawn to the original right of John Quackenbush."

The defendant proved that on the 3d of August, 1865, he made survey, and placed the same on record, of a piece of land within and embracing part of said land deeded by Bacon.

Upon this showing the court directed a verdict for the defendant, which plaintiffs claim was error. We think it quite clear, under our statute, that plaintiffs show no title.

The statute, ch. 65, § 24, Gen. Sts., declares that " No deed or other conveyance of any lands or of any estate or interest therein, made by virtue of a power of attorney, shall be of any effect or

*admissible in evidence* unless such power of attorney shall have been signed, sealed, attested and acknowledged, and recorded in the office where such deed shall be required to be recorded, as provided in this chapter." There is nothing of record to show that Major Hawley had any right to lease or convey the lands of the corporation. The deed from Hawley to Bacon, on its face, is an attempt to convey the lands of the *other* proprietors, and does not assume to convey any interest of the corporation; nor does Hawley assume to act by virtue of the power of attorney. But if we concede that the deed would be operative to convey the right of the corporation in said land, provided Hawley was legally invested with the right to convey, still we think no right is shown in Major Hawley to convey the land of the corporation.

The *power* must accompany the *grant* upon the *records* in order to connect the grant with the grantor; without which Hawley is invested with no title or authority over the land, and he could not convey any title to the plaintiffs until the power of attorney from Griswold and others was recorded.

We think also that the record of a *copy* of Hawley's power of attorney is without warrant of law and unavailing. The plaintiffs therefore show no legal title.

II. We think neither party show *actual possession*. The record of a survey is evidence neither of title or possession; and the marking trees around a piece of land in the forest is not, of itself, actual possession.

The plaintiffs, then, show neither legal title nor actual possession, and cannot recover, even against the defendant, who appears to be a stranger to the title, and trespasser against the true owner.

The judgment of the county court is affirmed.