CHESTER EDWARDS, Appellant, *v.* PHILETUS NOYES et al.,
Respondents.

To maintain an action for trespass upon lands of which plaintiff is not in
the actual possession, he must show a valid title, or that the *locus in quo*
is part of premises, to all of which plaintiff claims title under a written
instrument which purports to give him title to the whole, and of a por-
tion of which he is in the actual possession.

Parol evidence to prove the contents of a lost deed should show that the
deed was duly executed as required by law, and should show substan-
tially all the contents. The testimony of a witness who has simply heard
the deed read, and who can give but a small portion of its contents, is
insufficient.

(Argued October 2, 1874; decided January term, 1875.)

APPEAL from the judgment of the General Term of the
Supreme Court in the third judicial department, affirming a
judgment in favor of defendants entered upon the report of
a referee.

This was an action of trespass, alleged to have been com-
mitted on lots 107 and 108, in a patent of land known as
"Glenn's patent."

The facts appear sufficiently in the opinion.

*J. W. Crane* for the appellant. As against a person who
had no title, plaintiff's possession was sufficient to maintain
trespass as against defendants. (Code, § 83; *Carey* v. *Good-
man*, 22 N. Y., 170; *Finlay* v. *Cook*, 54 Barb., 10.)

*A. D. Wait* for the respondents. Plaintiff's possession was
confined to the land actually occupied by him and could not
be extended by construction. (*Aiken* v. *Buck*, 1 Wend., 465;
*Livingston* v. *Peru Iron Co.*, 9 id., 517; *Jackson* v. *Woodruff*,
1 Cow., 285, 286.) The testimony of the witness as to the
lost deed was incompetent and inadmissible. (*Corbin* v.
*Jackson*, 14 Wend., 628; *Kent* v. *Harcourt*, 33 Barb., 495;
*Metcalf* v. *Van Benthuysen*, 3 Com., 424; *Moore* v. *Living-
ston*, 28 Barb., 543.)

EARL, C.   Lots 107 and 108 were known as distinct lots of 250 acres each in Glenn's patent.   Only a small portion of each lot was cleared, and the plaintiff had occupied and culti- vated the cleared portions for many years; the balance, the larger part of each lot, was uninclosed woodland.   It was upon this part that the alleged trespasses were commit- ted.   As the plaintiff was not in the actual possession of the uninclosed woodland, he could recover only by showing a valid title or constructive possession.   To show a valid title, he should have proved a conveyance to him sufficient to vest in him such a title.   To show constructive possession, with- out a valid title, he should have proved that he claimed title to the whole lot under a written instrument which purported to give him title to the whole, and was, therefore, sufficient to give him color of title to the whole, and that he was in the actual possession of a part.   (Code, § 83; *Munro* v. *Merchant*, 28 N. Y., 9; *Jackson* v. *Woodruff*, 1 Cow., 276; *Thompson* v. *Burhans et al.*, decided at last September Term of the Com- mission; 61 N. Y., 52.)

As to lot 107, the plaintiff proved an unsealed instrument, dated April 10, 1824, executed by one Ellithorpe to one Smith, purporting to convey to the latter all the right and title which the former had in the lot.   He also proved a deed executed to him by Smith, March 1, 1844, conveying to him all Smith's right, interest and claim to lot No. 1, subdivision 107 in Glenn's patent, containing eighty acres.   It is sufficient to say of this deed that it does not purport to convey more than eighty acres of the whole lot, and there is no proof that any of the alleged trespasses were committed upon the eighty acres.   The deed was insufficient to give color of title to more than lot 1, part of lot 107, containing eighty acres, or to form a basis for constructive possession of more than the eighty acres.

As to lot 108, the plaintiff attempted to show that one Rodgers conveyed it to him by a deed which was lost in 1835. He had no copy of the deed, but attempted to prove its con- tents by witnesses who had never read it, but who claimed

that they had heard it read many years before the trial. They could give but a small fraction of what the deed appeared to contain. On the whole, their evidence was quite unsatisfactory. Parol evidence to establish the contents of a lost deed should be clear and certain. It should show that the deed was properly executed with the formalities required by law, and should show all the contents of the deed, not literally, but substantially. If any thing less than these requirements would suffice, evil practices, which it was the object of the statute of frauds to prevent, would be encouraged.

When the evidence of the plaintiff, as to the lost deed, is taken in connection with the evidence given on the part of the defendants, that plaintiff, on several occasions after the date of the alleged deed, did not claim the title to the lot, but substantially admitted that he had no title, and that he had purchased only the possession of the prior occupant, I think we cannot say that the finding of the referee, which we must infer he made, that plaintiff had no paper title to the lot, was not warranted by the facts.

Hence we cannot disturb the finding of the referee, which we must presume in support of the judgment ordered by him that he made, that the plaintiff had neither title nor constructive possession to the uninclosed woodland where the trespasses were alleged to have been committed.

I have examined the various rulings of the referee during the trial upon questions of evidence, and find none of which the plaintiff can justly complain.

Judgment must be affirmed, with costs.

All concur.

Judgment affirmed.