## THE TIMBER CASES.

(*District Court, W. D. Missouri.* September Term, 1881.)

1. PUBLIC LANDS—RIGHTS OF SETTLERS.

Where a person enters upon public land with the view of pre-empting it, and before the expiration of the year during which he ought to have proven up his claim he homesteaded his pre-emption, the pre-emption as well as the homestead must have been taken in good faith for the purpose of residence, settlement, and improvement.

2. SAME—RIGHT TO CUT TIMBER.

A person entering on the public land for the purpose of pre-emption, or to secure a homestead, in good faith, may cut the timber standing thereon for the purposes of cultivation, and after applying such portion as can be used for the improvement he may sell or dispose of the balance.

3. SAME—RESTRICTION AS TO RIGHT.

A settler on the public lands has no authority to go outside of the improvements, cut or sell timber, and thus denude the land and destroy the value of the public domain, even though he intends to acquire the title under his claim.

KREKEL, D. J., (*charging jury.*) The laws of the United States invite settlement on public lands for the purpose of acquiring homesteads. While doing so they seek to protect the timber, often constituting a valuable part of the land, so that the pre-emptor may obtain the full benefit intended. The law will not allow injury to the value of the land under either the pre-emption or homestead law. In the case before you the defendant first pre-empted the land, and before the expiration of the year during which he ought to have proven up his claim he homesteaded his pre-emption, thus obtaining an extension of time within which to acquire his homestead at a greatly reduced rate of cost. Whether such a proceeding was contemplated by the law it is unnecessary to determine, but I am inclined to think that it is at least within the spirit of the act. Both the pre-emption as well as the homestead must, however, have been taken in good faith; that is, for the purpose of residence, settlement, and improvement. Residence on the land alone, without intention of acquiring the land as a homestead, will not answer the purpose. From the testimony in the case you will have to determine whether the entry on the land claimed by pre-emption or homestead was for permanent residence and for cultivation, or for the purpose of cutting and selling of timber. A pre-emption or homestead claimant may cut timber needed for the improvements he is or contemplates making. The timber standing on the land intended for cultivation the claim-

ant may cut, and after applying such portion as can be used, and is needed for the improvement for that purpose, he may sell or dispose of the balance to the best advantage. The law is not so unreasonable as to require timber which has to be removed for the purpose of cultivation to be burned or otherwise wasted, but will allow the preemptor to have the benefit of it to aid him in accomplishing the design of the law. A settler on the public lands cannot, however, go outside of the improvements, cut and sell timber, even though he intends to acquire the title under his claim, for he might at any time change his intention after the timber is taken, and thus defeat the object of the law. The length of time the defendant has been on the land pre-empted or homesteaded, the character of the buildings erected by him, the work done towards making fields and improvements for farming, if any, the quantity and quality of the timber cut and sold, and the place or places where cut, whether the claimant was relying on cutting and selling timber for a living rather than on farming,—in fine, everything pertaining to the case is to be carefully examined by you in order to arrive at the good or bad faith with which the defendant held the possession of the land and did the acts complained of. The law presumes that he acted in good faith, and it is only when you are satisfied from the testimony and circumstances of the case that he did not so act, that you can find him guilty. The pre-emption and homestead laws should not be made use of to destroy the value of the public domain, and make it less valuable to those for whom the same is primarily intended; namely, the settler and occupier.

The jury found the defendant guilty in the case tried.