GUNSOLUS and others vs. LORMER and others.

*March 17 — April 5, 1882.*

TRESPASS QUARE CLAUSUM: (1–3) *Who may bring the action.* MUNICIPAL COURT OF DANE COUNTY. (4) *When judge acts as J. P. Form of appeal to circuit court in such cases.* (5) *Form of judgment of circuit court in such cases.*

1. Only the person in the actual or constructive possession of real property can maintain trespass *quare clausum* in reference thereto; and such constructive possession is only that of the *owner,* when no person is in the *actual* possession.

2. Where, after the expiration of his term, one who has been in possession as a lessee, is permitted by a subsequent lessee to remain in possession until the latter shall notify him to remove, he is a tenant at will, and is the only person who can bring trespass *quare clausum* for an unlawful entry on the premises by a third person.
3. The provision of section 4216, R. S., that the possession of the tenant shall be the possession of the landlord, until, etc., merely prevents the tenant, holding over, from claiming possession *adversely* to his landlord.
4. Where cases cognizable by a justice of the peace are brought in the municipal court of Dane county, the judge thereof must act as such a justice; and an appeal from his judgment must be taken in the same manner as from a justice's court.
5. On such an appeal, where there is no new trial in the circuit court, the judgment of that court must be one of affirmance or reversal (in whole or in part), and not an ordinary judgment for one of the parties.

APPEAL from the Circuit Court for *Dane* County.

Defendants appealed from a judgment in favor of the plaintiffs. The case is sufficiently stated in the opinion.

*R. M. Bashford* and *L. K. Luse*, for the appellants.

For the respondents there was a brief by *Lamb & Jones*, and oral argument by *Mr. Jones.*

ORTON, J. The plaintiffs complain that they were entitled to the possession, and lawfully possessed, of a certain lot in the village of Stoughton, on which was situated a small building and a platform, owned by the Northwestern Mutual Life Insurance Company, and that the defendants unlawfully broke and entered said premises, and unlawfully withhold possession thereof. The defendants answered by a general denial, and giving notice that they would prove on the trial that they entered and held possession of said premises by virtue of a lease from said insurance company. The plaintiffs, on the trial, proved their lease by correspondence with J. J. R. Pease, of Janesville, the pretended agent of the insurance company, and particularly by a letter of theirs dated February 3, 1881, making a proposition to rent the premises, and a letter from said Pease to them, dated February 4, 1881, accepting said proposi-

tion. There was evidence tending to prove that at that time one John Daws was in possession of said premises, under a lease and paying rent, and had been for some time; and that soon after the fifth day of February the plaintiffs called upon said Daws; and said Daws testified in relation to that interview as follows: "I occupied the building in question; used it for storing stoves. *Gunsolus* saw me early in February about the building; said he had rented it. I told him I could get out any day. He told me that he would let me know when to vacate, and that he would charge me no rent while I remained. I paid rent up to February 5th." *M. V. Gunsolus*, one of the plaintiffs, testified, in relation to that interview, as follows: "On receiving the letters, I went to Mr. Daws and showed him Mr. Pease's postal, and he said he would give me possession at once; that he would move out the next day. I told him he need not hurry. Daws was to stay there until we told him to go. Mr. Daws had told me there was no key, but said he would deliver me possession then and there, as he had a postal from Mr. Pease ordering him to do so. I told Daws that I would pay rent from that time."

It appears, also, that Daws continued and was in the actual occupancy of the premises until and when the defendants entered, as complained of.

It is very clear from this evidence that Daws was the tenant at will of the plaintiffs, and that he was in the actual possession of the premises, and the plaintiffs were not, when the trespass was committed.

Under such circumstances can the plaintiffs maintain against the defendants this action of *quare clausum?* The learned counsel of the respondents refer us to the statute (section 4216, R. S.), which provides that the possession of the tenant shall be the possession of the landlord until the expiration of ten years from the termination of the tenancy, or from the time of the last payment of rent, notwithstanding such tenant may have acquired another title. This statute was not made

to establish a general rule of law, but the rule merely in respect to adverse possession. This statute would prevent Daws from setting up adverse possession of these premises against the plaintiffs, and that is as far as it has application to these parties.

It is objected that Daws is in no sense a tenant at will of the premises, but a mere servant or agent to keep and hold the same for the plaintiffs, and that he had surrendered up the possession to them. But Daws had been a tenant under a lease, paying rent, and enjoying and using the premises for certain purposes. He was allowed by the plaintiffs to continue in the possession and actual occupancy of the premises for the same purpose, until he should receive notice to vacate them or surrender them to the plaintiffs.

The case of *Stoltz v. Kretschmar*, 24 Wis., 283, is very much in point. There the plaintiff was the lessee, and he put another in the possession, who had the use of the premises for an indefinite time. The present chief justice said, in the opinion: " This is an action of trespass *quare clausum*. Of course, the gist of the action is an injury done to the possession. Unless a person is in possession of real estate, active or constructive, he cannot maintain the action. This principle is elementary." And, again: " Precisely what Klein's estate was under the agreement — whether he was a tenant at will or for years,— we need not determine." " So, as the plaintiff had not the actual possession of the premises when the injury was committed, he cannot maintain this action. There is no doubt that he could maintain an action on the case for an injury to his reversion as lessee." The case of *Clark v. Smith*, 25 Pa. St., 137, is cited in the opinion, and the following language of Chancellor Kent (4 Kent, 114): " If the tenant be placed upon the land without any terms prescribed, *or rent reserved*, and as a *mere occupier*, he is strictly a tenant at will."

Daws, as a tenant at will, could have brought this action.

1 Chit. Pl., 197; Wood's L. & T., 30; *Cross v. Upson*, 17 Wis., 623; *Bartlett v. Perkins*, 13 Me., 87; *Holmes v. Seeley*, 19 Wend., 507; *Herrell v. Sizeland*, 81 Ill., 457. No one can bring this action except the person in actual possession, if there is any one in possession. *Bracken v. Preston*, 1 Pin., 597; *Hungerford v. Redford*, 29 Wis., 345; *Oatman v. Fowler*, 43 Vt., 462; *Addleman v. Wray*, 4 Yeates, 218; 1 Add. Torts, §§ 442, 426. That constructive possession which, in the absence of any actual possession, will warrant the bringing of this action, is that of the owner of the premises alone. *Edwards v. Noyes*, 65 N. Y., 125; *Wickham v. Freeman*, 12 Johns., 183; 6 Wait's Actions & Def., 76–77; *Stean v. Anderson*, 4 Harr. (Del.), 209. See also *Revett v. Brown*, 5 Bing., 7; *Reeder v. Purdy*, 41 Ill., 289. These questions are really elementary, and have been long settled beyond dispute by the courts. It has been necessary to cite scarcely any authorities outside of the brief of the learned counsel of the appellants. The plaintiffs show no right of recovery in the action, and the judgment should for that reason be reversed.

The record in this case is anomalous. The action appears to have been commenced before the Hon. A. B. BRALEY, judge of the municipal court of Dane county, having the jurisdiction of a justice of the peace. The damages claimed are $12, and the judgment rendered is for six cents and costs. On appeal to the circuit court the return is made by the clerk of the municipal court of Dane county, and under the seal of said court, and there is no return by the said judge of the municipal court, either as judge of that court or as a justice of the peace, " of the testimony, proceedings and judgment," as required by section 3763, R. S., or of any transcript, and there is no certificate by him of any record or proceedings in the case. There was no new trial of the action in the circuit court, and the case was heard upon the above return of the clerk of the municipal court; and the court made and filed findings of fact, and rendered judgment in the ordinary form against the defendants

for six cents damages and costs. The statute conferring juris-
diction upon the municipal court of Dane county is very plain.
In addition to the powers vested in said court, among other
powers vested in the judge thereof, he is vested "with all the
powers and jurisdiction of justices of the peace in said county
in civil actions and proceedings." It is provided further, that
"the general provisions of law relative to civil and criminal
actions before justices of the peace shall apply to said court so
far as applicable;" and that "appeals from judgments rendered
in said court in civil actions may be taken to the circuit court
for Dane county in the same manner as appeals from judg-
ments of justices of the peace in similar actions." Within
the jurisdiction of justices of the peace, the judge of that
court acts as a justice of the peace in all respects except that
he may try title to lands, and in name. In the findings and
judgment of the circuit court in this case he is called a justice
of the peace. In the manner in which the return of the record
to the circuit court on the appeal by the clerk of the municipal
court was made, there is some plausibility in the point made
by the learned counsel of the respondents, that there should
have been a bill of exceptions.

We do not decide whether, in the absence of any return
whatever by the judge who tried this action as a justice of the
peace, the circuit court obtained jurisdiction of the cause, or
whether such defect was or could be waived by the parties
going to trial in the circuit court without objection, because
the questions were not raised or discussed by counsel on the
argument. We may refer, however, to the case of *State v.
Allison*, 47 Wis., 548, in which it was held that cases within
the jurisdiction of justices of the peace, tried in the munici-
pal court of Milwaukee county, could not come to this court
upon the report of the judge, but that such cases must be
treated as in a justice's court.

But objection is taken to the form and regularity of the
judgment in the circuit court, that it should have been an

affirmance of the judgment of the judge of the municipal court, rather than a common judgment for the plaintiff as upon a new trial. The statute is explicit and mandatory that in all such cases " the appeal shall be heard on the original papers, and the return of the justice containing all the material evidence, and his rulings in the action " (section 3767, R. S.); and that, " in giving judgment, the appellate court may affirm or reverse the judgment of the court below in whole or in part, either as to damages or costs, or both," etc. The appellate court has no other jurisdiction in such an appeal than this specially conferred, and the proceedings outside of or in conflict with these provisions are void. *Bandlow v. Thieme,* 53 Wis., 57; *Bullard v. Kuhl, ante,* p. 544. The return of the justice with the original papers in the cause, constitutes the record and the only record upon which the appellate court hears the cause, and of course no bill of exceptions is necessary. Section 3769, R. S. This statute further provides that the judgment upon the appeal, with the return upon which it was heard, constitutes the judgment roll.

*By the Court.* — The judgment of the circuit court is reversed and the cause remanded with direction to reverse the judgment of the judge of the municipal court of Dane county.