UNITED STATES *v.* LANE.

*(Circuit Court, E. D. Wisconsin. December 27, 1883.)*

PUBLIC LAND—ENTRY—RIGHT TO CUT TIMBER.

    One who has entered upon public land according to law for the purpose of claiming a homestead therein, and is residing thereon in good faith, and improving it for agricultural purposes, is entitled to cut so much timber from the land as is necessary for his actual improvements; but until he has received his patent he cannot cut timber for any other purposes nor under any other conditions.

At Law.

*G. W. Hazelton,* for the United States.

*James Freeman,* for defendant.

DYER, J., *(charging jury.)* This is an action of replevin to recover a quantity of timber claimed by the government to have been illegally cut by the defendant from certain lands in Langlade county in this state. The claim of the plaintiff is that the defendant cut 152 pine trees standing on this land amounting to 156,851 feet. It seems that in March, 1882, the defendant made an entry of the lands mentioned, being a quarter section, as and for a homestead under the laws of the United States, as every person who is the head of a family, and a citizen of the United States, is entitled to do. There is testimony tending to show that he went into occupancy of the premises, and it does not seem to be disputed that in the winter of 1882–83 he cut from the land a quantity of pine timber growing thereon. The controversy between the parties is concerning his right to cut this timber and the quantity he cut. It is permissible for any such land claimant, provided he is living on the land and improving it for agricultural purposes, to cut and remove from the portion thereof to be cleared for cultivation so much timber as is actually necessary for that purpose, or for buildings, fences, and other improvements on the land entered. This he has a lawful right to do. But where the person does not make the land his actual residence, and cultivate and improve it, or where the timber is not cut for the purpose of clearing and improving the land for agricultural purposes, or where the facts show that the entry was not made in good faith, but for the mere purpose of stripping the land of the valuable timber upon it, the case is one in which the cutting is unlawful. In clearing for cultivation, should there be a surplus of timber over what is needed for purposes of improvement, the claimant may lawfully sell or dispose of such surplus; but it is not lawful for him to strip the lands of its timber for the sole purpose of sale or speculation, until he has made final proof and acquired title.

These are the principles of law governing this case, and, as you perceive, the primary question here is, did the defendant cut this timber for agricultural purposes; that is, in good faith, for the pur-

pose of improving the land? What was his object? Was it to clear the land for cultivation? Was it in pursuance of a purpose to improve the land and to make it his home? Or was his purpose merely to cut the timber off without reference to immediate future use of the land, and to sell and make money out of the timber so cut? Incidental to these points of inquiry is the question whether or not he entered the land in good faith, intending to use and occupy it as a homestead. Indeed, as you see, the question involved is largely one of good faith, and, in determining whether the timber was cut for purposes of husbandry, or merely for purposes of sale and pecuniary profit, you will look into the circumstances under which the cutting was done, the manner in which the timber was cut with reference to localities on the land, and the kind and quantity of timber cut. You will consider what improvements there were upon the land, whether the defendant was living on the land; in short, whether he was dealing with it in good faith intending to cultivate and improve it for farming purposes.

You understand what the claims of the parties are. The defendant insists that he in good faith entered the land for a homestead; that he made improvements upon it; that he was making preparations for other improvements when notice was given him of the cancellation of his entry and claim; that he occupied and lived on the land; and that the timber in question was cut for the sole purpose of improving the land and devoting it to agricultural uses. If this be so, then the plaintiff is not entitled to recover. But the contrary of all this is claimed by the government, and its contention is that the land was not occupied by the defendant in good faith as and for a homestead; that this timber was cut with the primary purpose of selling it and making money out of it; that it was not the intention of the defendant in good faith to cultivate and improve the land; and that the cutting of the timber was not done for the purpose of clearing the land for agricultural uses. Various circumstances are relied on in support of this claim, and, if the government's contention is supported by the facts of the case, then the conclusion must be that the timber was illegally cut, and the plaintiff, in that state of the case, would be entitled to recover it in this action.

Verdict for plaintiff.