### CAWLEY v. JOHNSON and others.

### SAME v. PETERSON.

*(Circuit Court, W. D. Wisconsin.* August, 1884.'

ADVERSE POSSESSION — RECEIPT OF RECEIVER OF LAND-OFFICE — WRITTEN IN-' STRUMENT—CONVEYANCE—WISCONSIN REV. ST. 1878, § 4211.

> The receipt issued by the receiver of the land-office upon payment of the purchase price of land to the government, containing a description of the land, constitutes such a conveyance of the premises as section 4211 of the Wisconsin Revised Statutes of 1878 contemplates as a proper foundation for a 10-years' adverse possession.

At Law.

*Wm. B. Jarvis* and *Henry C. Whitney,* for plaintiff.

*Thomas & Fuller,* for defendants.

BUNN, J. These are actions of ejectment brought by the plaintiff, a citizen of Illinois, against the defendants, who are citizens of Wisconsin, to recover 80 acres of land lying in the county of Crawford. Defense in both cases: adverse possession for 10 years under a written instrument according to section 4211, Rev. St. Wis. To prove his title, the plaintiff introduced in evidence the receipt of the receiver of the land-office at La Crosse, for the land, issued to the plaintiff on November 16, 1854. Also a patent from the government, issued to the plaintiff on April 15, 1856, making a complete title from the United States government of the land in question, subject to the defendants' defense of adverse possession. The defendants, to substantiate their defense, introduced a receiver's receipt, in the usual form, issued at the same land-office to one French White, dated April 26, 1856, for the same land, at the price of $100, together with an assignment of the same in writing upon the back of said receipt, and duly acknowledged and witnessed, to one J. M. Hill, dated the twenty-eighth day of September, 1857. Defendants also proved that said Hill purchased the land in good faith of White, paying therefor other lands lying in the state of Ohio, valued at $300, and immediately went into possession of the same, and commenced clearing and making improvements, and building a house,

claiming title under his conveyance and purchase from French White, exclusive of any other right, and paying the taxes upon the land,—he and the defendants, his grantees,—and improving the same continuously for a period of 19 years and upwards, prior to the commencement of this action.

No patent was ever issued to White or Hill, or his grantees, but about the same time the patent was issued to the plaintiff, Cawley, in 1856, the entry of the land by White was canceled by the department at Washington, but notice thereof was never given to White or those holding under him, nor was the purchase money paid by White for the land returned or paid back. There is no doubt, from the evidence of Hill and the defendants, that he paid full value for the land and went into possession in perfect good faith, claiming title under the receiver's receipt to White, and the written assignment thereof to him, exclusive of any other right, and that Hill and his grantees, the defendants in these two cases, have occupied the land, breaking, fencing, building, and making other valuable improvements, and paying the taxes ever since the fall of 1857, and for a period of 27 years, to the present time, and 19 years prior to the commencement of the action; Hill occupying from 1857 to 1873, and the defendants since that time, under deeds from him,—the defendant Johnson occupying one 40, and the defendant Peterson the other.

The only question in the case is whether the land-office receipt and written assignment to Hill constitute such a conveyance of the premises as the statute contemplates as a proper foundation for a 10-years' adverse possession. This question arose in this court some two years ago in this same case, upon an objection to the introduction of the receipt and assignment in evidence, and, without much argument or consideration, it was ruled that, as the receipt was not a conveyance, and did not purport to be a conveyance, of the land, but only a receipt for the purchase price, it could not be said that the defendant entered under claim of title, exclusive of any other right, founding such claim upon a written instrument, as being a conveyance of the premises in question. Upon a fuller consideration of the question, I am now satisfied that my former ruling was wrong, and I am glad of this opportunity to correct the mistake in that case, now submitted with the other, upon a second trial, provided for by the statute in ejectment.

Section 4211, Rev St. Wis., provides that—

"When the occupant, or those under whom he claims, entered into the possession of any premises under claim of title, exclusive of any other right, founding such claim upon some written instrument as being a conveyance of the premises in question, * * * and that there has been a continual occupation and possession of the premises included in such instrument, * * * or of some part of such premises, under said claim, for ten years, the premises so included shall be deemed to have been held adversely."

And section 4215 provides that—

"An adverse possession of ten years under section 4211 * * * shall constitute a bar to an action for the recovery of such real estate so held adversely, or of the possession thereof."

I am now satisfied that the payment of the purchase price for land to the government, and the issuing of a receipt therefor by the receiver of the land-office, containing a description of the land, transfers to the purchaser a clear and complete equitable title, and an inchoate legal title, such as will entitle him to the immediate possession of the land, and enable him to protect his possession and interest by actions of trespass, waste, or ejectment; and, this being so, that the receipt is such a conveyance as is contemplated by the statute, upon which a claim of title may be founded *as being a conveyance of the premises.* If ejectment, which calls for the title, may be maintained upon the evidence of a receiver's receipt alone, without a patent, it must follow that the receipt is a written instrument under which title may be claimed *as being a conveyance of the premises.* It is primarily a question of what the law of Wisconsin is, as that must govern. The statute was borrowed from the law of New York, (see 2 Rev. St. 1829, p. 294, § 9,) from which it was transferred with only a change in the period of adverse holding,—from 12 to 10 years,—and when adopted here had already received a construction by the highest courts of that state, which must be considered as being adopted as part and parcel of the statute here.

In the case of *La Frombois* v. *Jackson*, 8 Cow. 589, it was held that a claim of title under an executory contract for the sale of land, the consideration being paid, was a sufficient claim of title to constitute an adverse possession; and the same doctrine was reaffirmed in *Briggs* v. *Prosser*, 14 Wend. 227, and in *Fosgate* v. *Herkimer Manuf'g Co.* 12 Barb. 352, which last case holds that when the consideration is paid, the agreement is tantamount to a deed as the foundation for adverse possession. I take it that the same doctrine must apply to a receiver's receipt, which, although not a technical conveyance any more than the other, transfers the same interest that would be conveyed by a paid-up contract, which is the entire equitable and substantial interest in the land, with an inchoate legal title, accompanied with the right, without anything further being done to a formal and technical conveyance, which is intended to constitute the final evidence and muniment of legal title, and the issuing of which is a ministerial act.

The statutes of Wisconsin make a receiver's receipt evidence of legal title, and speak of it as a conveyance. Section 4165 makes it presumptive evidence of title. Section 2235 provides for their being recorded with any assignment indorsed thereon in the same manner as other conveyances, and the definitions of the term "conveyance," contained in sections 2242 and 2326, undoubtedly include them.

In *Bracken* v. *Preston*, 1 Pin. (Wis.) 365, it was held "that the patent was not an indispensable muniment of title; that, as between

individuals, by the above statute (section 4165) the receiver's receipt is legal evidence of title, and that ejectment might be maintained upon it. And aside from this statutory provision, such is held by the general current of authority to be their effect at common law; that the receiver's receipt gives the immediate right to the possession, and the exclusive dominion over the land, with the power to oust any intruder by due course of law; that the purchaser, when he has paid his money and taken his receipt, has done all in his power to complete the purchase, and that the land from that time is taken from the market, and designated and set aside for the purchaser's use; that the receiver's receipt is as binding upon the government as a patent, the issuing of which is a ministerial act which conveys no new or substantial claim or interest in the land. Of course, the certificate is liable to be canceled by the government in case the sale was improperly made, but no more so than a patent. Either a certificate or patent may be recalled or canceled in case the government has previously sold the land. But the certificate, as fully as the patent, conveys all the substantial interest of the government in the land, with an inchoate legal title, which may be aliened, will descend to heirs, instead of executors, or be subject to judgments or other liens, and be sold upon execution, and the title divested or transferred in the same manner as any other legal title. See *Goodlet* v. *Smithson*, 5 Port. 245; *Wright* v. *Swan*, 6 Port. 84; *Cavender* v. *Smith*, 3 Greene, (Iowa,) 349; *Carroll* v. *Safford*, 3 How. 441; *Cavender* v. *Smith*, 5 Iowa, 157; *Astrom* v. *Hammond*, 3 McLean, 107; *Wirth* v. *Branson*, 98 U. S. 118; *Thomas* v. *Marshall*, Hardin, 22; *Stark* v. *Starrs*, 6 Wall. 402; *Frisbie* v. *Whitney*, 9 Wall. 187; *Barney* v. *Dolph*, 97 U. S. 652; *Copley* v. *Riddle*, 2 Wash. C. C. 354; *Simmons* v. *Wagner*, 101 U. S. 260; *Irvine* v. *Sim's Lessee*, 3 Dall. 425; *Lessees of Penns* v. *Klyne*, 1 Wash. C. C. 207.

Such being the established doctrine as to the interest in the land conveyed to the purchasers upon the full payment of the purchase price, and the issuing of the receiver's receipt, it requires no great stretch of reasoning to conclude that such receipt is, within the true intent and meaning of the statute of limitations, such a written instrument as will support the claim of an adverse possession. Under the statute, it is not essential that the written instrument should constitute, in itself, an actual title or conveyance, but only one upon which may be founded a claim of adverse possession *as being a conveyance*.

In *Hannibal & St. J. R. Co.* v. *Clark*, 68 Mo. 371, which is a case precisely like this in all essential facts, the supreme court of that state held that the statute ran upon such a receipt, which gave color of title in connection with the adverse possession of a part of the land in the name of the whole, so as to vest the title of the whole tract in the purchaser, and that the cancellation of the receipt by the department, a knowledge of which was not brought home to the pur-

·chaser, did not destroy his color of title. The court also expresses· a doubt whether, if such notice of cancellation had been given, it would make any difference. But neither in that case nor these is it necessary to determine that question. It is not at all a question of whether the certificate of entry *in fact* conveyed a good title, there having been a previous entry of the land by another person, but whether the statute of limitations has run upon the plaintiff's claim.

The statute of limitations being one of repose, it is simply a question whether the plaintiff, *though he had good title in the beginning*, can lie by upwards of 19 years, or within a few months of 20 years, which is the general limitation upon real actions in Wisconsin, when the adverse holding is not under a written instrument, suffering the defendants to enter upon wild and uncultivated land, grub, clear, and break it up, inclose· it by substantial inclosures, build buildings and reside upon it with their families as their own, all the while claiming title in good faith under their purchase, having païd full value for the land, and the taxes from year to year during all this time, the plaintiff never so much as notifying the defendants of his claim, and then come in and say: "All this is true, but the written instrument under which you held not being a conveyance of the land, I will divest you of your interest and possession."

My conclusion is that, having failed to speak for so long a time when he might have spoken, he should not be permitted to do it now, and that there must be a judgment for the defendants in both cases.