## COUGHRAN v. WILSON.

1. Upon appeal from justice to county court upon questions of law only, the appellant court may "set aside, affirm, or modify" the judgment appealed from, or it may order a new trial in the justice's court; but it cannot in such case, and upon the statement provided by statute, set aside the judgment appealed from, and render a new judgment on the merits against the opposite party.

2. If, in such case and upon such statement, the appellate court finds prejudicial error, it should reverse the judgment, and remand the case to the justice's court for a new trial. Comp. Laws, § 6136.

(Syllabus by the Court.   Opinion filed June 15, 1895.)

Appeal from Minnehaha county court.  Hon. E. PARLIMAN, Judge.

Action for damages on contract.  From the judgment rendered, plaintiff appeals.  Reversed.

The facts are stated in the opinion.

*Boyce & Boyce,* for appellant.

The same rules, as to sufficiency of pleading, apply to counterclaims and complaints. Pom. Rem. & Rem. R. 516; Smith v. Hobart, 5 N. W. 666. After the reversal of an erroneous judgment the parties in the court below have the same right that they originally had. Stearns v. Aguirre, 7 Cal. 443; Phelan v. Supervisors, 9 Cal. 16; Argenti v. San Francisco, 30 Id. 462.

*Joe Kirby*, for respondent.

Where oral pleadings are made in justice court it is not necessary that the whole of the pleading be entered in the docket, only an entry of their substance.    Kelsey v. Railway, 1 S. D. 80; Stone v. Murphy, 2 Ia. 35; Dillion v. Mussum, 17 Ia. 238; Francis v. Bentley, 50 Ia. 59.

KELLAM, J.    This action was commenced in justice's court. Appellant, as plaintiff, declared for damages on contract.    Respondent, as defendant, answered a general denial, and pleaded a counterclaim on contract.    The plaintiff did not reply.    At the close of plaintiff's evidence, defendant moved for judgment on his counterclaim, less whatever the court should find due plaintiff on his cause of action.    Plaintiff then asked leave to file a reply. The court refused both motions.    Defendant offered no evidence, and the court gave judgment for plaintiff for the amount found due upon his evidence.    Defendant appealed to the county court on questions of law only.    Upon the statutory statement showing these facts, the county court rendered judgment for defendant, for the amount of his counterclaim as pleaded, less the amount found due the plaintiff on his cause of action.    From this judgment plaintiff appeals to this court.

If the legal effect of failing to reply to defendant's counterclaim was the same in the justice's court as in the circuit court under the provisions of the Code of Civil Procedure, which would seem reasonable, from the fact that a reply in that court is expressly provided for, we think the justice should have allowed plaintiff to reply.    The justice evidently proceeded upon the theory that plaintiff's failure to reply did not entitle defendant to judgment on his counterclaim, for he ignored it.    The county court on the appeal evidently took the other view, that defendant was entitled to judgment on his counterclaim because not replied to; in other words, that the justice had tried and disposed of the case upon an erroneous theory.

This was not an appeal for a new trial in the appellate court, but only for the review of alleged errors of law occuring at the

trial in the justice's court. When the county court found sub-stantial and prejudicial error in the record, we think it was its duty to reverse and remand the case for a new trial in the justice's court. On such an appeal it could not try the case itself. Comp. Laws, section 6136. It had power only, as provided in said section, "to set aside, affirm or modify" the judgment appealed from, and, when "necessary or proper, order a new trial," which by said section must be in the justice's court. The county court did neither, but proceeded to enter an entirely new and final judgment on the merits, as though upon a new trial. We think it had no authority to do this. See Gunsolus v. Lor-mer, 54 Wis. 630, 12 N. W. 62, under a statute similar to ours as to the powers of the appellate court in such cases. The judg-ment should have been reversed, and the cause remanded for a new trial in the justice's court. The power of this court, as of ap-pellate courts generally, is to "affirm, reverse or modify" the judg-ment appealed from, and to order a new trial, when "necessary or proper." Under such powers appellate courts are very reluctant to direct a final judgment, unless it appears with reasonable certainty that the respondent would not be able to make a different case on a new trial. In Griffin v. Marquardt, 17 N. Y. 28, it is said "that extreme caution ought to be exercised in refusing new trials where judgments are reversed." This rule has been repeat-edly applied in Californa, where the statute expressly authorizes the supreme court to "direct the proper judgment or order to be entered." See Schroeder v. Versicherungs Gesellschaft, 60 Cal. 467. The judgment of the county court is reversed, and the cause remanded, with directions to proceed therein in accordance with this opinion.