GILBERT, Appellant, vs. AUSTER and wife, Respondents.

*April 18—May 8, 1908.*

*Deed: Reformation: Immaterial omission: Public lands: Trespass: Parties: Right of patentee's grantee.*

1. A complaint for reformation of a deed by inserting an assignment of grantor's right of action for trespass, omitted by mutual mistake, states no cause of action where it shows that the grantor had no such right and that therefore a decree of reformation would be ineffectual.

2. One who had made a timber and stone cash entry under the laws of the United States, the next day conveyed by warranty deed of the land in statutory form all his rights by virtue of the entry. A patent was subsequently issued to him. Meanwhile trespass had been committed on the land. *Held*, that the patent conveyed an estate in fee and all the right, title, and interest which the United States had in the land on the date of the entry, which title inured to and vested in the patentee's grantee so as to give him the right of action for said trespass.

APPEAL from an order of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining a demurrer to the complaint.

For the appellant the cause was submitted on the brief of *R. Sleight.*

Among other references upon the part of the appellant were the following: *Newton v. Marshall,* 62 Wis. 8, 21 N. W. 803; *Hungerford v. Redford,* 29 Wis. 345; *Gulf, C. & S. F. R. Co. v. Clark,* 101 Fed. 678; *Dillingham v. Fisher,* 5 Wis. 475; *Shiver v. U. S.* 159 U. S. 491, 16 Sup. Ct. 54; *Wadleigh v. Marathon Co. Bank,* 58 Wis. 546, 17 N. W. 314; *Peyton v. Desmond,* 129 Fed. 1; *Krakow v. Wille,* 125 Wis. 284, 103 N. W. 1121.

For the respondents there was a brief by *Lamoreux, Shea & Cate,* and oral argument by *W. F. Shea.*

Among other references upon the part of the respondents were the following: *Knight v. Leary,* 54 Wis. 459, 11 N. W. 600; Act June 3, 1878, ch. 151, 20 U. S. Stats. at Large, 89, amended by Act Aug. 4, 1892, ch. 375, 27 U. S. Stats. at Large, 348 (U. S. Comp. Stats. 1901, p. 1547); *Cawley v. Johnson,* 21 Fed. 492; *Jones v. U. S.* 35 Fed. 561; *Montgomery v. U. S.* 36 Fed. 4; *U. S. v. Budd,* 43 Fed. 630; *Cornelius v. Kessel,* 58 Wis. 237, 16 N. W. 550; secs. 2198, 4165, Stats. (1898); *Bracken v. Preston,* 1 Pin. 365; *Gunsolus v. Lormer,* 54 Wis. 630, 12 N. W. 62; 26 Am. & Eng. Ency. of Law (2d ed.) 584, and note 2.

TIMLIN, J.   It appeared from the amended complaint demurred to that on January 14, 1902, the respondent *Emil Auster,* at the United States land office at Ashland, Wisconsin, made a timber and stone cash entry under the laws of the United States of the southeast quarter of section 33, in township 46 north, of range 9 west.   A patent by the United States to the said *Auster* was issued November 13, 1905. January 15, 1902, *Auster* and wife executed to the plaintiff a warranty deed of said land in the form authorized by sec.

2208, Stats. (1898). By mutual mistake of the parties to said deed the deed failed to contain an assignment or conveyance of the rights of action which had accrued or might accrue to *Auster* for trespass on said lands or for unlawful cutting or taking of timber from the same, although this was agreed upon between the parties and intended to be inserted in the deed. After January 15, 1902, the Central Lumber Company, a corporation, wrongfully entered upon the said premises and cut and removed much valuable timber therefrom. The land was at all times vacant and unoccupied. The defendants refused to execute a conveyance containing an assignment of rights of action for trespass. The appellant asked that the deed be reformed so as to include such conveyance or transfer. The complaint states no cause of action because there was no such right of action in the grantors which they could assign. The court below was warranted in refusing an ineffectual decree. *Leffler v. Burlington*, 18 Iowa, 361; *People ex rel. Barry v. Mercein*, 8 Paige, 47. See cases 16 Cyc. 126, 118. Defendant's interest in the land began on January 14, 1902, and he sold to the appellant the next day by warranty deed. When the patent issued to the defendant *Auster* on November 13, 1905, the title thereby conveyed inured to and vested in appellant by virtue of the warranty deed of January 15, 1902. *Dillingham v. Fisher*, 5 Wis. 475; *Knight v. Leary*, 54 Wis. 459, 11 N. W. 600. The title thereby conveyed carried an estate in fee simple and all right, title, and interest which the United States had in such land on January 14, 1902. *Peyton v. Desmond*, 129 Fed. 1; *Gilbert v. McDonald*, 94 Minn. 289, 102 N. W. 712; *Krakow v. Wille*, 125 Wis. 284, 103 N. W. 1121. The right of action, if any, to recover for the trespass averred in the complaint was in the appellant, not in the respondent. *Cawley v. Johnson*, 21 Fed. 492; *Jones v. U. S.* 35 Fed. 561; *Montgomery v. U. S.* 36 Fed. 4; *Krakow v. Wille*, 125 Wis. 284, 103 N. W. 1121; *Gunsolus v. Lormer*, 54 Wis. 630, 12

N. W. 62.    Such a case is not within the rule which prevents a holder of a mere equitable title to vacant and unoccupied lands from maintaining trespass, because that rule presupposes the right of action for such trespass to be in the holder of the legal title, and it applies only to such cases where the holder of the legal title has this right of action. Where the holder of the legal title has, prior to the trespass, parted with all interest in the land, and is bound to the execution of a deed at a later date which shall relate back to the time of creation of the equitable title and to a date prior to the trespass complained of, he is not the real party in interest and the right of action for the trespass is not in him. For this reason the right of action must belong to the other party to the grant.

*By the Court.*—The order of the circuit court is affirmed.