Knapp, Respondent, vs. Alexander-Edgar Lumber Company, Appellant.

*February 23—March 14, 1911.*

*Trespass upon land: Who may sue: Constructive possession follows title: Wrongful cutting of timber: Single cause of action: Homestead entry: When title is acquired: Settlement for trespass with. U. S.: Patent: Doctrine of relation.*

1. Where the plaintiff in an action for trespass upon land was not in actual possession but relies on constructive possession, he must establish such possession by showing that he had good title.
2. A trespasser on unoccupied land can be made to respond in damages but once, and then to the owner.
3. Sec. 4269, Stats. (1898), does not give more than one right of action for a single injury to the freehold.
4. An entryman under the homestead law acquires no title to the land until he has complied with the law and has earned his patent.
5. If, before the homesteader has taken possession and while his right to the land is still inchoate, a trespass is committed thereon, the sole right of action is in the United States as owner.
6. Such right of action is extinguished by a settlement made by the trespasser with the United States, and is not revived by subsequent issuance of the patent to the homesteader.
7. The equitable doctrine of relation cannot be applied to such a case for the purpose of compelling the trespasser to pay twice for the same wrong. If it has any application, it operates merely to charge the government as trustee of the patentee for the. amount collected for the trespass.

Appeal from a judgment of the circuit court for Bayfield county: John K. Parish, Circuit Judge. *Reversed.*

This is an action brought to recover damages for a trespass committed on the homestead of the plaintiff. On February 20, 1902, pursuant to sec. 2289, R. S. of U. S., plaintiff made application for a homestead entry on the land upon which the trespass was afterwards committed. The register of the land office attached a certificate to such application, re-

citing that the application was made for lands subject to entry under the homestead act and that there was no prior adverse right to the same. At the time of making his application plaintiff also filed an affidavit showing that he was entitled to make a homestead entry under the laws of the United States. On February 21st the receiver of the land office acknowledged receipt of the sum of $18, being the amount of fee compensation to which the register and receiver were entitled on the entry. On February 26, 1902, plaintiff filed the non-saline affidavit required by law. The foregoing papers constituted the homestead entry of the plaintiff in the lands described in the application. The trespass was committed on and between March 20, 1902, and April 7th of the same year, the defendant cutting and removing from said lands 49,140 feet of pine saw logs. On July 1, 1902, the plaintiff established his residence on said land and continued to reside thereon for five years and made his final proofs in August, 1907, when a final receiver's receipt was issued to him. This was followed by a patent which was issued in January, 1908. Plaintiff looked the land over once before making his entry, for the purpose of informing himself as to its value. On March 20th he went upon the land to see if any trespass had been committed thereon, and on April 5th went upon the land for the same purpose and found the defendant cutting timber and forbade its cutting any more. On July 13, 1903, the United States collected from the defendant the value of the logs cut and removed from the plaintiff's homestead, the amount collected being $320.14. After receiving his patent the plaintiff commenced this action and recovered judgment for the value of the lumber cut from the logs removed from the plaintiff's homestead, the amount recovered being $714.87. Defendant appeals from such judgment.

For the appellant there were briefs by *Kreutzer, Bird, Rosenberry & Okoneski,* and oral argument by *M. B. Rosenberry.*

For the respondent there was a brief by *Grace & Hudnall,* and oral argument by *Geo. B. Hudnall.*

Barnes, J.    That the plaintiff at the time of the cutting was not in the actual possession of the land from which the timber sued for was cut, is too plain to admit of controversy. *Mygatt v. Coe,* 147 N. Y. 456, 42 N. E. 17; *Rice v. Frayser,* 24 Fed. 460; *Staton v. Mullis,* 92 N. C. 623; *Travers v. Mc-Elvain,* 181 Ill. 382, 387, 55 N. E. 135; *Webber v. Clarke,* 74 Cal. 11, 15, 15 Pac. 431; *Omaha & F. L. & T. Co. v. Parker,* 33 Neb. 775, 51 N. W. 139; *Gildehaus v. Whiting,* 39 Kan. 706, 713, 18 Pac. 916.    The action of trespass *quare clausum* can be maintained only by one in the actual or constructive possession of the premises on which the trespass is committed.    *Gunsolus v. Lormer,* 54 Wis. 630, 634, 12 N. W. 62.

That a cause of action for trespass for injury to the possessory right may be maintained by a person in the actual possession of land against another who holds no paramount right or title, or against a mere intruder, by proving such possession, unlawful entry, and damage, is well established by the decided cases in this court.    *Hungerford v. Redford,* 29 Wis. 345, 348; *McNarra v. C. & N. W. R. Co.* 41 Wis. 69, 74; *Gerhardt v. Swaty,* 57 Wis. 24, 28, 14 N. W. 851; *Gunsolus v. Lormer, supra.*

It is also well settled that a plaintiff in an action *quare clausum* who is not in the actual possession of the land upon which the trespass is committed, and who is therefore obliged to rely on constructive possession, must establish that possession by showing that he has good title.    Stated in another way, the constructive possession follows the title.    In *Hungerford v. Redford, supra,* the court, after saying that actual possession is sufficient unless the defendant proves an adverse title of a higher character than a possessory one, continues:

"If the plaintiff is not the real owner of the land, and the defendants shall be compelled to pay the judgment which he

[the plaintiff] recovered against them in the circuit court, what rule of law will prevent such owner from bringing an action against them for the same logs and recovering therein? . . . The fact that a recovery by the holder of a merely color-able title is no bar to a recovery by the real owner, demonstrates that none but the real owner can recover."

The action was one of replevin to recover logs wrongfully cut on unoccupied lands claimed by the plaintiff, and recovery was denied because he was unable to prove perfect title to the lands.

*McNarra v. C. & N. W. R. Co., supra,* was an action to recover damages occasioned by a fire negligently set by the defendant. It was held that the title necessary to be proved in order to maintain the action was the same as in an action of trespass *quare clausum fregit* or in replevin for timber cut and removed, and that "in either case, if the lands upon which the trespass was committed were vacant and unoccupied, the plaintiff must prove his title thereto, or he cannot recover."

In *Gunsolus v. Lormer, supra,* it was said: "That constructive possession which, in the absence of any actual possession, will warrant the bringing of this action [trespass *quare clausum*], is that of the owner of the premises alone."

In *Stephenson v. Wilson,* 37 Wis. 482, 488, it was held that if the plaintiff in an action of trespass *quare clausum* cannot show actual possession, but is obliged to rely on his legal title, he must show a valid title.

In *Wadleigh v. Marathon Co. Bank,* 58 Wis. 546, 17 N. W. 314, the action was brought to recover the value of saw logs cut upon lands owned by the plaintiff and converted by the defendant to its use. Judgment was demanded for $1,000, being the value of the logs, and for the sum of $1,000 for the damage to the land caused by the cutting of the timber. It was held that the action was in the nature of a trespass and was also brought to recover damages for permanent injury to the freehold. The court said:

"Were no damages claimed other than for the mere invasion of plaintiff's possession, the lands being wild and vacant,

it would be incumbent on him to prove his title thereto in order to show a constructive possession in himself. The cause of action being permanent injury to the land, to entitle the plaintiff to recover he must establish his title. The reason of this is, if the plaintiff is not the owner of the land, a recovery by him would be no bar to an action for such injury brought against the trespasser by the real owner."

. *Paige v. Kolman,* 93 Wis. 435, 436, 67 N. W. 700, was an action for trespass for cutting timber. The court said: "The land upon which the trespass was committed was unoccupied timber land. Hence the plaintiff must prove valid title in order to recover."

In some of the cases cited the defendants were mere naked trespassers who acted without any color of right. In all of them the plaintiffs showed or attempted to show some color of title. It seems, therefore, to be quite well established by our decisions that constructive possession follows the title, and that the trespasser on unoccupied lands can be made to respond in damages but once, and then to the owner. The decisions elsewhere to the same effect are numerous: *Shipman v. Baxter,* 21 Ala. 456; *Smith v. Yell,* 8 Ark. (3 Eng.) 470; *Jenkins v. Lykes,* 19 Fla. 148; *Yahoola River & C. C. H. H. M. Co. v. Irby,* 40 Ga. 479; *Atlantic & G. R. Co. v. Fuller,* 48 Ga. 423; *Rockwell v. Jones,* 21 Ill. 279; *Gauche v. Mayer,* 27 Ill. 134; *Broker v. Scobey,* 56 Ind. 588; *Aikin v. Buck,* 1 Wend. 466; *Roe v. Wilbur,* 57 Pa. St. 406; *Snider v. Myers,* 3 W. Va. 195; *Church v. Meeker,* 34 Conn. 421; *Edwards v. Noyes,* 65 N. Y. 125.

It is now pertinent to consider what interest the plaintiff had acquired in the lands at the time of the trespass. It has been held by this court and by the federal supreme court that an entryman secures no title to the land he desires to homestead until he has complied with the law and has earned his patent. *Empey v. Plugert,* 64 Wis. 603, 607, 608, 25 N. W. 560; *Whitcomb v. Provost,* 102 Wis. 278, 282, 283, 78 N.

W. 432; *Shiver v. U. S.* 159 U. S. 491, 16 Sup. Ct. 54; *Stone v. U. S.* 167 U. S. 178, 17 Sup. Ct. 778. If the homesteader, before he has earned and received a final receiver's receipt, cuts or removes any more timber from his homestead than is necessary in the process of clearing his farm and fitting it for cultivation, he himself becomes a trespasser and liable to be prosecuted not only civilly but criminally for the trespass. *Timber Cases,* 11 Fed. 81; *U. S. v. Lane,* 19 Fed. 910; *U. S. v. Freyberg,* 32 Fed. 195; *Shiver v. U. S., supra; Stone v. U. S., supra.* No vested right is conferred on the claimant that may not be taken away by Congress. *Frisbie v. Whitney,* 9 Wall. 187, 193; *Yosemite Valley Case,* 15 Wall. 77, 88; *Shiver v. U. S., supra.* The homesteader on making his entry acquires an inchoate right to secure the title to the land ·filed on, on complying with the homestead law, in preference to all other applicants for such land whose claims are subsequent to his. The land thereby becomes segregated and set apart for his benefit, and, in a sense, appropriated for his use. *Shiver v. U. S., supra; Burlington, K. & S. W. R. Co. v. Johnson,* 38 Kan. 142, 16 Pac. 125, 129, and cases cited.

There was a right of action in some one to recover damages for this trespass as soon as it was committed. It is clear that such a right of action was vested in the United States as owner of the lands. It also seems clear that under the facts of this case there was but a single cause of action, and that the plaintiff had no title that carried the constructive possession so as to enable him to maintain the action. If there was but a single cause of action, that was extinguished by the settlement made with the only party who was entitled to make it.

The plaintiff, however, maintains that the doctrine of relation is applicable to the facts of the case, and that the ·patent should be held to relate back and convey title as of the date of the homestead filing, and a number of cases are cited in support of such claim.

The doctrine of relation is of equitable origin, but has a well recognized application to proceedings ·at law.    It is applied most frequently to conveyances of real estate made in pursuance of an antecedent contract, and is applied to give effect to the intention of the parties or to protect purchasers pending the fulfilment of the contract.    It is also applied to· public land transactions so as to cut off intervening claimants between the date of the entry and the date of the patent. *Shipley v. Cowan,* 91 U. S. 330, 337, 340; *Peyton v. Desmond,* 129 Fed. 1, 11.    Our own court has applied it to land contracts, at least as between parties and privies thereto, in the following cases: *Stahl v. Lynn,* 86 Wis. 75, 56 N. W. 188; *Krakow v. Wille,* 125 Wis. 284, 103 N. W. 1121; *Evans v. Crawford Co. F. M. F. Ins. Co.* 130 Wis. 189, 109 N. W. 952; *Western L. & C. Co. v. Copper River L. Co.* 138 Wis. 404, 120 N. W. 277; and *Blaha v. Borgman,* 142 Wis. 43, 124 N. W. 1047.    It has also held that the doctrine would apply as against a trespasser.    *Gilbert v. Auster,* 135 Wis. 581, 116 N. W. 177.

In *Peyton v. Desmond,* 129 Fed. 1, it is held that a homesteader after he secures a patent may sue and recover for a trespass committed before final proofs were made, the patent relating back to the date of entry.    In this case it is held that the homesteader is entitled to receive the land in the condition in which it was on the date he made his entry.    When the patent was issued, however, the timber was gone and a right of action only remained to recover its value.    Equitably, as between the United States and the homesteader, that cause of action became the property of the latter as soon as he complied with the law, and it was held that the patent carried with it the right of action for the trespass.    No attempt had been made by the United States to enforce the collection of the trespass.    This case, which is strongly relied on by the respondent, is authority to the proposition that the moneys collected by the United States from the defendant equitably

and justly belong to the plaintiff, now that he has perfected his title. It is not authority for the claim that the United States did not have the right to collect for the trespass in the first instance, and neither is it authority to the proposition that, although the United States has compromised and settled its cause of action, the same cause of action can be prosecuted by the homesteader against the trespasser. On the contrary, the decision holds that, where the United States has a cause of action at the time the patent is issued, it parts with such cause of action against the trespasser by assigning it, in effect, to the homesteader.

The case of *Carner v. C., St. P., M. & O. R. Co.* 43 Minn. 375, 45 N. W. 713, relied on by the appellant, is distinguishable from the case at bar in two respects. In the first place, the plaintiff was in the actual possession of the land under his timber entry when it was damaged by the fire negligently set by the defendant, and, secondly, the United States asserted no claim against the defendant for the damage resulting from the fire.

The case of *Hastay v. Bonness,* 84 Minn. 120, 86 N. W. 896, is also relied upon by the appellant. This action was brought by the homesteader after he had secured his patent, and the United States had never attempted to collect for the trespass, and it was held that the patent related back to the date of entry. This case was very similar in its facts to *Peyton v. Desmond, supra.*

Our attention has not been called to any case which holds that the United States was not entitled to collect for the trespass committed by the defendant at the time which it did collect for the same, and the law seems to be well settled the other way. Neither has our attention been called to any case where the homesteader who has not yet entered into possession of his homestead can maintain an action for trespass committed before he has taken possession and while his right to the land remains inchoate. This action is brought under

sec. 4269, Stats. (1898), and that statute only gives a right of action for trespass for timber wrongfully cut *"upon the land of the plaintiff."* The decisions of our own court hold that constructive possession follows the title in an action of trespass involving injury to the freehold. Finally, we think there was but a single cause of action, which the United States might enforce at any time before a final receiver's receipt or patent was issued, and that when it was enforced and the damages claimed were paid it became extinguished and the issuance of a patent could not revive it. The rule requiring a party not in actual possession to show title before he can recover in an action for trespass for injury to real estate, is reasonable. Our statute (sec. 4269) has been held to be highly penal, in that it permits the injured party to recover a sum which may be several times the amount of the damage actually sustained. Unless the law clearly permits every person having color of title to sue for and exact damages provided for in the statute, we should be loath to hold that there could be more than one recovery for a single injury to the freehold. Four persons may each have a tax deed on a vacant parcel of land on none of which deeds has the three-year statute of limitations run. Any one of the four may eventually acquire title by virtue of his deed and acts done thereunder. The original owner may succeed in setting aside all of the deeds and establish perfect title in himself. We do not think that each of these five parties could sue a trespasser and collect from him the value of the lumber manufactured from logs wrongfully cut from the land because each could show a colorable title and a better right to the premises than the trespasser. The equitable doctrine of relation cannot be applied simply to compel a wrongdoer to pay twice for the same wrong. If the doctrine of relation has any application in such a case as this, it is between the government and the homesteader, whereby the former, when the homestead is patented, should be charged as trustee of the latter for the

amount collected. It follows that the settlement of the cause of action sued on by the defendant with the United States was a good defense to such action and that the court erred in awarding judgment in plaintiff's favor.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.

KERWIN, J., dissents.