## ABBOTT VS. BAHR.

1. ACTION. — No action can be maintained for an injury sustained by means of the perjury of another in the course of a trial of an action or other legal proceeding. So *held*, in regard to a false affidavit of a party before the officers of a land office, whereby he was enabled wrongfully to enter and obtain title to land as a preemptor, which had been entered by another, and to get such prior entry vacated.

2. PRACTICE. — The ruling of the court below upon a motion for nonsuit, or in arrest of judgment, cannot be reviewed in this court unless such motions and the ruling of the court thereon are presented by a bill of exceptions.

(3 Chand., 210.)

ERROR to the Circuit Court for *Sheboygan* County.

The case is fully stated in the opinion of the court.

*J. T. Clark*, for plaintiff in error.

*A. L. Collins*, for defendant in error.

WHITON, J.   *Bahr*, the defendant in error, commenced a suit against the plaintiff in error, in the Sheboygan circuit court, and in his declaration alleged in substance, that he purchased of the United States a quarter section of government land, situated in the Green Bay land district; that his entry and purchase of the said land was not subject to any preemption claim thereto, arising under the laws of the United States; that the defendant, in order to establish a preemption claim to the said land, made an affidavit before the register and receiver of the Green Bay land district, in conformity to the laws of the United States; that by the laws of the United States the said defendant was required to prove by his own oath, be-

fore the said register and receiver (among other things), that he was not the owner of three hundred and twenty acres of land in any state or territory of the United States, in order to establish his right of preemption to the said land ; that the affidavit so made by the said defendant did set forth the fact that he was not the owner of said quantity of land in any state or territory of the United States; that the affidavit in that particular was false, and that the defendant knew it to be false, by means of which false affidavit the entry of the said plaintiff was set aside, and he lost the said land, etc. The declaration was in case. The defendant pleaded the general issue, and also a special plea, denying that he was the ower of three hundred and twenty acres of land, etc. At the trial a verdict was found for the plaintiff, for the sum of $220, ou which the court rendered a judgment. By the return to the writ of error, it would appear that when the plaintiff had closed his case, the defendant moved the court for a nonsuit, and that after verdict he made a motion in arrest of judgment. But as there is no bill of exceptions, we cannot notice these motions, nor the ruling of the court upon them.

We must confine ourselves to the record. And we are satisfied that the declaration does not set forth a good cause of action. The cases cited by the counsel for the plaintiff in error clearly establish the proposition that no action can be maintained for an injury sustained by a party by means of perjury committed in the course of a trial of a former suit. *Davenport v. Simpson*, Cro. Eliz., 520; *Eyres v. Sedgwick*, Cro. Jac., 601; *Smith v. Lewis*, 3 Johns., 157. The reason given is, that courts will not permit the former suit to be again tried in this form of action, as it must be, if the suit is entertained ; the gist of the action being not the perjury committed, but the unjust recovery consequent upon it. The case at bar cannot be distinguished, in principle, from those cited by the plaintiff in error. The proceeding in which the perjury is alleged to have been committed was *quasi* judicial in its investigation in pursuance

of law, by the officers of the government of the United States, for the purpose of determining the rights of the parties to the land in dispute; and 'to entertain this suit, and try the matter over again, would accomplish the mischief which the rule above alluded to was intended to prevent. The cases cited by the defendant in error are applicable to another state of facts. It is true, as was stated in the argument of his counsel, that a false statement, by means of which a person is defrauded, is just as clearly a good foundation for an action at law, when made on oath, as when unaccompanied by any such solemnity. But this does not meet the difficulty. The reason why the suit cannot be maintained is, not that the false statement was made on oath, but because it was testimony taken in the course of a judicial investigation, before a tribunal clothed with authority to decide the matters in controversy between the parties, and was taken in relation to the matter decided. Should the judgment recovered in this suit be permitted to stand, the case would present this anomaly; that while the land which was the subject of controversy between the parties would belong to the plaintiff in error, the reason for the recovery against him in this suit would be the injustice of the order or decree of the officers of the United States, by which it was awarded to him. To such a proceeding the strong language of C. J. EYRE, quoted by KENT, C. J., in the case of *Smith v. Lewis,* above cited, which, in principle, he applied: "Shall the same judgment," he says, " create a duty for the recoverer, upon which he may have an action of debt, and a duty against him, upon which an action will lie? This goes beyond my comprehension." It may be asked with equal force in this case, Shall the adjudication of the officers of the United States have the effect to give the land to the plaintiff in error, and at the same time create an obligation on his part to pay to the defendant in error the damage which he has sustained by reason of that adjudication ?

We are satisfied that the judgment must be reversed.

NOTE.— In the case of *Stowell v. Eldred,* 26 Wis., 504, it was held that

the perjury of a successful party called as a witness in an action at law, by the opposite party, if subsequently discovered, was a sufficient ground to enjoin the collection of the judgment so rendered upon the false testimony of the party who so recovered it.