Bross vs. Wiley et al.

6   485
74  207

JACOB BROSS, Complainant, Appellant,

*vs.*

JACOB WILEY and ALEX. M. WILEY, Defendants, Appellees.

APPEAL IN EQUITY FROM THE WINNEBAGO CIRCUIT COURT.

A court of equity will relieve against a fraudulent entry of land belonging to the state, by which a *bona fide* pre-emptor is deprived of his right to enter the same.

A right of pre-emption under the laws of the state is such a right as will be protected in a court of equity.

Where B. was entitled to enter a quarter section of land under the laws of the state, and W. & W. confederating together, in the night time entered thereon and erected a shanty, and one of the latter started before daylight for the land office and entered the land, while the other was engaged in removing the shanty—*Held* that such acts were grossly fraudulent, and that B. was entitled to recover the title.

This was a bill filed by a settler upon the public lands, against a subsequent fraudulent pre-emptor and purchaser, to set aside the conveyance by the government and vest the title in the complainant.

The case made by the bill, answers, and testimony, shows that the complainant settled upon the land in dispute in the year 1849, where he built a good log house worth $75, or more, fenced and broke a portion of the land and cultivated it, and continued to reside upon it until 1853; that he pre-empted the land in the United States land office, in September, 1852, and subsequently the land was transferred to the state of Wisconsin, under a grant for the Fox and Wisconsin River Improvement Company; and was offered for sale at the state land office at Oshkosh. It still remained subject to pre-emption after the title became vested in the state, and notice was given for proving up pre-emptions before the 11th day of January, 1853, the day of sale.

In November, 1852, the complainant being still in possession of the land in dispute, the defendants, Alexander M. Wiley and Jacob Wiley, accompanied by one Philo Sage, late in the evening and during the night time, erected a shanty upon the lands, in which they remained until near morning, when the defendant, Alexander M. Wiley, and said Sage, left before daylight and proceeded to the state land office at Oshkosh, and by means of false representations to the register obtained a pre-emption to the lands in question, and received a patent therefor, leaving the said Jacob Wiley to remove the shanty from the land, which he did, the next day.

Before the expiration of the time limited for proving up pre-emptions under the notice before mentioned, to wit: the 11th day of February, 1853, the complainant presented himself, with his witnesses at the state land office, and offered to prove up his pre-emption in due form, and pay for the land; but that the register refused to receive his proof, or the money for the entry of the land, on account of the purchase by Alexander Wiley as aforesaid.

Alexander Wiley afterwards deeded the land to Jacob Wiley, who claims in his answer to be an innocent purchaser, in good faith, without knowledge of the equities of the complainant, but he does not show what he paid for the land, or that he paid anything; and the testimony shows that he assisted in the erection of the shanty in the night upon the land, and that he was without doubt a partaker in, and promoter of, the fraud attempted upon the rights of the complainant.

The circuit court dismissed the bill, and the complainant appealed to this court.

*Bashford and Brush*, for complainant, appellant.

*By the Court*, WHITON, C. J.   The statutes of the state under which the complainant claims his right to the land in dispute, provide in substance, that every person being the

head of a family, or widow, or single man over twenty-one years of age, and being a resident of the state, who shall make a settlement on the land in person, and shall erect a habitable dwelling thereon, and shall inhabit and improve the same, shall be entitled to enter by legal subdivisions, any number of acres not exceeding one hundred and sixty, by paying therefor one dollar and twenty-five cents per acre. There are restrictions upon, and limitations of, this right, but as they do not appear to affect the claim of the complainant in this case, we will not notice them. See Appendix to the Revised Statutes, pages 771, 772, § 38, 41; and Session Laws of 1849, Chap. 118, § 3, page 75.

The complainant avers that he has complied with these statutes, so far as he was allowed to do, and states as an excuse for not complying with them fully, that when he applied to the register of the state land office to receive his proof of settlement, and the purchase money, that officer refused to hear his proofs or receive his money.

The complainant further alleges that the defendant, Alexander M. Wiley, pretended to have a settlement on the land, and made proof thereof before the register, and finally obtained a patent for the land.

This, the complainant alleges, was in fraud of his right to the land, because Wiley had no settlement or improvement upon the land, and was not entitled to purchase it, under the acts of the legislature before alluded to. The complainant further alleges that Wiley had knowledge of his right to the land, and of his intention to purchase it, and that the said Wiley was assisted and advised by Jacob Wiley, who also knew of the rights of the complainant to the land.

The complainant further alleges that Alexander M. Wiley has sold the land to the said Jacob Wiley, and prays that the title thereto may be decreed to the complainant, upon his bringing into court such sum of money as the court shall think agreeable to equity.

The bill of the complainant prays for answers without oath; and the defendants have so answered, denying the fraud

charged in the bill, and one of them, Jacob, setting up his right to the land as a purchaser in good faith; but without stating what sum he paid for the land; nor indeed that he has paid any sum whatever. We have already decided that the courts of this state have jurisdiction of cases of this nature. *Lamont vs. Stimson, et al.*, 3 Wis., R., 545., and we shall not say more upon that subject than to refer to that case, and the authorities there referred to.

Upon looking at the testimony, we are satisfied that all the important allegations of the complainant are proved.

It is clearly established by the testimony that the complainant made all the improvements which the statute required and so became entitled to purchase the land at the minimum price; and that Alexander M. Wiley had made no improvements, which by any fair interpretation of the statute could give him that right. All the proof which tends to show that he made any improvements at all, tends also to show that they were not of such a character as to give him any right to become the purchaser. One of the witnesses, J. B. Marshall, testified that A. Wiley told him they had put a shanty on the land in the night, and that he and Mr. Sage went into it and stayed in it until they started for Oshkosh; that they started before daylight tor Oshkosh; that the shanty was not there at the time the witness testified; that Wiley showed him where it stood. Another witness, O. E. Soper, testified that the defendants told him they put a shanty on the land late in the evening and took it off the next day; that "Alex. Wiley and Philo Sage came down to prove up to the land while Jacob Wiley took off the shanty."

It is seldom that courts are called upon to animadvert upon so gross an attempt to cheat and defraud as this testimony discloses. We will, however, say no more in regard to the testimony than that it establishes the right of the complainant to the land, and an attempt to deprive him of it by a fraud of the grossest character.

The claim of Jacob Wiley to be regarded as a purchaser in good faith cannot be sustained. His answer does not state

what he paid for the land, nor that he gave anything of value for it. He merely says "that he purchased the land in good faith and for a valuable consideration without notice of any claim of said plaintiff to the same or any part thereof." This is clearly an insufficient statement of his right to entitle him to protection as a purchaser in good faith. *Everts vs. Agnes et al.*, 4 Wis. R., 343. The testimony shows also that he assisted Alexander M. Wiley in his attempt to obtain the land, and had knowledge of the rights of the complainant.

The decree of the circuit court is reversed, and the case remanded for further proceedings in conformity with this opinion.