JOHN W. CORBETT *vs.* JULIA A. A. WOOD and others.

December 2, 1884.

**Public Lands—Patent Obtained by Fraud—Review of Action of Land-Officers.**—After the issuance of a patent by the land department of the government upon a pre-emption entry and purchase of land, the action of its officers is subject to review by the courts; and a hostile claimant may show that such patent was fraudulently issued, and that he is equitably entitled to the land.

**Same—Such Action Presumptively Valid.**—The adjudications of the officers of such department are presumptively valid until the contrary is made to appear.

**Same—Complaint not Aided by Presumption.**—Where a party claiming under a prior settlement and pre-emption entry of land, and seeking to set aside a patent issued to another, alleges in his complaint the facts particularly showing such prior settlement, his residence, improvements, and purchase, and such allegations are expressly denied in the answer of defendant, which also puts in issue the good faith of plaintiff's occupancy, and states that his improvements were made by others whose tenant he was, it will not be implied, in support of a demurrer to the answer, that such tenancy was converted into a *bona fide* settlement sufficient to uphold his claim as a pre-emptor.

Appeal by plaintiff from an order of the district court for Benton county, *Collins*, J., presiding, overruling a demurrer to the answer.

*Levant R. Swift*, for appellant.

*Geo. W. Sweet*, for respondents.

VANDERBURGH, J.[1] The pleadings admit that one William F. Corbett entered by pre-emption the land in controversy under the laws of the United States, and received a patent certificate on or about the 16th day of July, 1851, and that he conveyed an undivided half thereof to the plaintiff on the 13th day of January, 1852. And the complaint alleges that one Charles Webb, under whom defendants claim, some time in the year 1853 fraudulently and wrongfully entered upon the premises, and, fraudulently colluding with other par-

---

[1] Mitchell, J., being absent, took no part in the decision of this case.

ties, thereafter procured a pre-emption entry of said land, and a patent to be issued to him therefor, in derogation of the rights of the plaintiff, and asks that the defendants be adjudged to hold the legal title in trust for the plaintiff.

The adjudications of the officers of the land department of the government are subject to review by the courts,—*Lindsey* v. *Hawes*, 2 Black, 554; *Warren* v. *Van Brunt*, 12 Minn. 36, (70),—and after the issuance of a patent to one party, a hostile claimant may come into a court of equity and show that the same has been fraudulently procured, and that in equity he is entitled to the land. *Johnson* v. *Towsley*, 13 Wall. 72, 85. While, however, the action of the land-office is not conclusive upon the rights of the parties, it is clear that it will be presumed lawful until the contrary is made to appear. It will be incumbent on the party assailing the patent to allege and show by the record, or by evidence *aliunde,* the facts establishing the fraud complained of, and his superior claim to the land. The plaintiff in this case, accordingly, assumes this burden, and also particularly alleges in his complaint the facts going to establish his equitable title, including the settlement, residence, and improvements made on the land by his grantor, viz., among other things, that he built a dwelling-house on the land, plowed, fenced, and cultivated a portion thereof, and moved into such house with his family in May, 1851, and resided therein in good faith until after the date of his pre-emption entry.

The answer, which is demurred to for insufficiency, denies the allegation that Webb fraudulently or wrongfully entered upon the premises, or that he procured his pre-emption entry by fraud or collusion. It also denies specifically that William F. Corbett ever erected a dwelling-house, or any other building, on this land, or that he was ever a *bona fide* occupant thereof, and states that the building described in the complaint was owned by other parties, and was occupied by William F. Corbett, as their tenant, during all the time he was there; and also states that his pre-emption entry was fraudulent, and was duly cancelled by the commissioner of the general land-office, of which he was duly notified, but that he failed to take any appeal, and soon after abandoned the premises.

The remaining allegations, as to cultivation and improvement of the land, were put in issue by the general denial in the answer. The answer also shows a settlement upon and entry of the land by Charles Webb, and the issuance of a patent to him. Apart from any question as to the laches of plaintiff or his grantor in prosecuting their rights, we think the answer sufficient upon demurrer. It fairly puts in issue the facts alleged, upon which plaintiff relies to support the claim to a valid pre-emption right in his grantor, and the good faith of his occupancy as a settler. It is contended, however, that the statement that he was a tenant, in connection with the fact that he made his declaration and proof in due form, impliedly admits a settlement and occupancy sufficient to satisfy the statute. As to this, we are not concerned to inquire into the relations of Corbett as a tenant to other parties, further than the fact may be material upon the question of the nature and good faith of his occupancy as an alleged settler under the pre-emption act. But we think it will not be implied, inconsistently with the facts alleged by plaintiff, and against the action of the commissioner in cancelling his entry, that, if he made none of the improvements denied, such tenancy constituted him a *bona fide* settler and occupant within the meaning of such act.

The order overruling the demurrer is affirmed, and the case is remanded to the district court for further proceedings.