Empey, Appellant, vs. Plugert, Respondent.

*November 10 — December 1, 1885.*

*Public lands: Jurisdiction of state courts to set aside decision of U. S. land office: Equity: What complaint must show.*

1. A state court may have jurisdiction to inquire into the right of a party to a patent from the United States under the homestead act, and to reverse the decision of the land department adverse to such right, when procured by fraud or perjury; but such jurisdiction can be exercised effectually only when the title is vested in a party amenable to such jurisdiction, so that a judgment can be entered which will act effectually upon the title, and compel defendant to convey it to the party defrauded.

2. In exercising such a jurisdiction the court will not disturb the adjudication of the land department, except in clear cases of fraud, mistake, perjury, or violation of the law.

3. Where perjury is alleged as a ground for setting aside the decision of the land department, the complaint should show that the decision was the consequence of the false testimony or perjury and was not supported by other evidence, and also that the plaintiff used every reasonable effort to obtain evidence to contradict such false testimony. It must also be shown that an effort was made to obtain a rehearing before the land department.

APPEAL from the Circuit Court for *Langlade* County. The case is stated in the opinion.

For the appellant there was a brief by *Grace & Alban*, and oral argument by *Mr. Grace*. They contended, *inter alia*, that the action could be maintained under sec. 3186,

R. S. The plaintiff is in possession, and the receiver's receipt is presumptive evidence of title. R. S. sec. 4165; *Bracken v. Preston*, 1 Pin. 599; *Cornelius v. Kessel*, 58 Wis. 243. Ejectment may be maintained by a homestead claimant. R. S. sec. 3197. The only relief plaintiff could have was in equity. In an action at law the defendant's title would have prevailed, as the cancellation of plaintiff's entry would have been binding in such an action. *Bagnell v. Broderick*, 13 Pet. 436; *Lombard v. Cowham*, 34 Wis. 486; *Steel v. Smelting Co.* 106 U. S. 447; *Smelting Co. v. Kemp*, 104 id. 636; *Lamont v. Stimson*, 3 Wis. 545. Where fraud has been practiced upon the land department their rulings may be reviewed, and the courts can in a proper proceeding interfere and refuse to give effect to their action. *Lamont v. Stimson*, 3 Wis. 553; *Shepley v. Cowan*, 91 U. S. 340; *Steel v. Smelting Co.* 106 U. S. 452; *Johnson v. Towsley*, 13 Wall. 83; *Quinby v. Conlan*, 104 U. S. 426; *Baldwin v. Stark*, 107 id. 465; *Corbett v. Wood*, 32 Minn. 509; *Bross v. Wiley*, 6 Wis. 485.

*Neal Brown*, for the respondent, to the point that when the land officers act within the sphere of their jurisdiction, every legal intendment is to be made in favor of their decision, and fraud must be clearly shown, cited *Bracken v. Parkinson*, 1 Pin. 685; *Challefoux v. Ducharme*, 4 Wis. 554; *Ballance v. Forsyth*, 24 How. 185; *Foley v. Harrison*, 15 id. 433; *Steel v. St. Louis S. & R. Co.* 106 U. S. 447; *Baldwin v. Stark*, 107 id. 463; *Vance v. Burbank*, 101 id. 514; *U. S. v. Atherton*, 102 id. 372; *Shepley v. Cowan*, 91 id. 330; *Quinby v. Conlan*, 104 id. 420; *Landsdale v. Daniels*, 100 id. 118; *Johnson v. Townley*, 13 Wall. 72; *Moore v. Robbins*, 96 U. S. 530; *Marquez v. Frisbie*, 101 id. 473; *Warren v. Van Brunt*, 19 Wall. 646; *Gibson v. Choteau*, 13 id. 92. The rulings of the land department on disputed questions of fact made in contested land cases, are not open to review when collaterally attacked. *Shepley v. Cowan, supra; U. S.*

*v. Throckmorton*, 98 U. S. 61; *Kinney v. Degman*, 12 Neb. 237; *Rush v. Valentine*, id. 513; *Sacramento Bank v. Hynes*, 50 Cal. 195; *Terry v. Hennen*, 4 La. Ann. 458; *Mitchell v. Cobb*, 13 Ala. 137; *State v. Bachelder*, 5 Minn. 223; *Randall v. Edert*, 7 id. 450; *Burrell v. Haw*, 40 Cal. 373; *Hosmer v. Wallace*, 47 id. 461; *Lewis v. Lewis*, 9 Mo. 183; *Jackson dem. McConnell v. Wilcox*, 2 Ill. 344; *Hill v. Miller*, 36 Mo. 183; *Stucker v. Duncan*, 37 id. 160; *Ford v. Morancy*, 14 La. Ann. 77; *Dilla v. Bohall*, 53 Cal. 709; *Powers v. Leith*, id. 711; *Rutledge v. Murphey*, 51 id. 388; *Boyce v. Danz*, 29 Mich. 146; *Mace v. Merrill*, 56 Cal. 554; *Gray v. McCance*, 14 Ill. 343; *Sandoz v. Ozenne*, 13 La. Ann. 616; *Monette v. Craft*, 7 Minn. 234. As to the kind of fraud which will warrant the courts in disregarding the decisions of the land officers, see, especially, *U. S. v. Throckmorton*, 98 U. S. 61. The plaintiff has not yet exhausted his remedy in the land department. It was the universal rule of courts of equity in former times, that they would not grant relief which the party could obtain in the tribunal whose decision was attacked. New trials are now granted freely in all the courts, and more freely in the land department, and the plaintiff should seek his remedy there, by appeal or motion for a rehearing. If surprised, he should have moved for a continuance to procure the necessary evidence. *Bateman v. Willoe*, 1 Sch. & Lef. 201; *Veech v. Pennebaker*, 2 Bibb, 326; *French v. Garner*, 7 Porter, 549; *Woodworth v. Van Buskirk*, 1 Johns. Ch. 432; *Paterson v. Bangs*, 9 Paige, 629; *Critchfield v. Porter*, 3 Ohio, 518; *Faltz v. Pourie*, 2 Dessau. 40; *Hill v. M'Neill*, 8 Porter, 432; Hilliard on New Trials, 1484; *Williams v. Lee*, 3 Atk. 223; *Powers' Ex'rs v. Butler's Adm'r*, 4 N. J. Eq. 465; *Gales v. Shipp*, 2 Bibb, 241; *Barrett v. Belshe*, 4 id. 348; *Stinnett v. Branch Bank*, 9 Ala. 120; *Duncan v. Lyon*, 3 Johns. Ch. 351; *Crim v. Handley*, 94 U. S. 652; *Marsh v. Edgerton*, 2 Pin. 230; *Hendrickson v. Hinckley*, 17 How. 443; *Hodgson v. Marine*

*Ins. Co.* 1 Cranch, 460; *Creath's Adm'r v. Sims,* 5 How. 192; *Walker v. Robbins,* 14 id. 584.

ORTON, J. It is substantially alleged in the complaint that the plaintiff settled upon the land in dispute as a homestead claimant under the laws of the United States, paid the amount required by law, and complied with the requirements of the law by continued residence and cultivation, so as to entitle him to the final certificate therefor, and that he presented to the land office authorities due proof of the same; and that by a final decision of the secretary of the interior upon such proof he was denied the right to said certificate; but that he has remained and still is in the possession and occupancy of said land. In respect to the defendant it is alleged that he intruded upon said land by force, regardless of the right of the plaintiff as aforesaid, and paid the amount required to be paid by a homestead claimant of said land, and obtained a certificate therefor, and now claims that he is entitled to all the rights of a homestead claimant thereof, and that at the proper time he will be entitled to a patent of the United States to the same. It is further alleged that when the said plaintiff presented his proofs for the purpose of obtaining the final certificate for said land as aforesaid, the said defendant contested his right to the same, and by perjury and fraud in his evidence caused the secretary of the interior to decide against the claim of the plaintiff so made and proved, and to declare said claim void, and to cancel the same, and thereupon made said forcible and fraudulent entry upon said land, and by fraud and perjury obtained a certificate therefor as aforesaid. This land belongs to the United States, and was subject to homestead settlement under the laws thereof, and the title still remains in the United States, subject to the claim of the plaintiff as aforesaid; and the plaintiff in effect alleges that he has done everything, and performed

every requirement of the law, to entitle him to a patent therefor. The prayer is that the defendant be adjudged to *release* to the plaintiff all his claim to said land, and that the plaintiff have *judgment* that he has complied with the homestead law and that he is entitled to said land. The circuit court sustained a general demurrer to the complaint, as we suppose, although other causes of demurrer than that the complaint does not state facts sufficient to constitute a cause of action are stated therein; such as a want of parties, and that there is an adequate remedy at law. From the order sustaining such demurrer this appeal is taken.

If the courts of this state have jurisdiction in such a case, it is not perceived what effectual remedy could be administered. There has been an adjudication of the land office department against the claim of the plaintiff; and the defendant has settled on the land as a homestead claimant, and obtained the first certificate as such. That certificate gives the defendant no right to the land, and he must thereafter perform all of the conditions of the homestead law before he will be entitled to a certificate upon which the patent can be issued. The law does not provide for issuing any certificate upon such entry, but probably the rule of practice of the land office provides for a certificate of some sort, as evidence that the homestead claimant has paid the money required, and entered on the residence and cultivation of the land preparatory to such continued residence for five years, and such cultivation as the law makes a prerequisite to the certificate upon which the patent is to issue. Sec. 2290, R. S. of U. S., prescribes how the applicant may make his first entry. He makes an affidavit that he is the head of a family, or twenty-one years of age, or has performed service in the army or navy, and that his application is for his exclusive use and benefit, and that his entry is made for the purpose of actual settlement and cultivation, and not for the benefit of any other person. Upon filing such affidavit with the

register or receiver of the land office, and upon payment of the money required, he is then permitted to enter the land. This is the preliminary step and the commencement in the performance of the future acts of continued residence upon, and the cultivation of, the land, and the proof thereof, as the conditions of the issuing to him of the certificate at the end of five years, or, if he has been a soldier, at the end of that time deducting his time of service in the army. Sec. 2291 provides that "no certificate shall be given, or patent issued therefor, until the expiration of five years from the date of such entry," etc.

The defendant has made and filed such affidavit, and paid the initiation fee, and entered upon the settlement of the land. He is yet to secure a homestead therein by residence and cultivation. He has yet secured no right to the land, but a mere privilege or permission to enter upon it for the purpose of obtaining title to it by the performance of such conditions. He may never secure or be entitled to the land. The title still remains in the government and may so remain.

*First.* What right or claim to said land or interest in it has he that he could *release* to the plaintiff according to the prayer of the complaint? Has he the possession? So has the plaintiff. If he is an intruder or trespasser without legal right (and he has no legal right if the plaintiff is entitled to the patent of the United States, as he claims), then the plaintiff's remedy, if he has any, is in the proper possessory action at law. The defendant's right of entry upon the land is a legal right, if he has any. If he has none, then he has no right or title to release. If he has a legal right to so enter, then neither a court of equity nor of law can extinguish or cancel it, or adjudge its release to another. But if all the right the defendant claims is released to the plaintiff, it would not make his title or right any better. It is apparent that the remedy sought by this part of the prayer would be ineffectual and of no benefit

to the plaintiff. If the defendant should release to the plaintiff whatever right or claim he may have, it would not give the plaintiff any better right than he had before by his settlement and cultivation of the land for the requisite time. The law does not provide for any action or adjudication upon such a preliminary entry. The land officer decides nothing. The land may or not be subject to such entry. That is the risk of the applicant.

*Second.* The other part of the prayer is for "judgment that the plaintiff has complied with the homestead law and is entitled to said land." At the proper time the plaintiff attempted to make and present his proofs of the requisite residence and cultivation of the land in order to obtain the final certificate and the patent of the United States to said land; and then it seems that his right thereto was contested, and proof was offered that he had changed his residence and abandoned said land more than six months at one time during such period, and the secretary of the interior deemed such proof satisfactory as to such change of residence and abandonment, and decided that he had no right to such certificate and patent, and thereupon the said land reverted to the government, according to sec. 2297, R. S. of U. S.

It appears by the complaint that the defendant was sworn as a witness at such contest before the land officers, and that his testimony tended to prove that the plaintiff had so changed his residence and abandoned said land for more than six months at one time during such period, and that the secretary of the interior considered and weighed such evidence of the defendant in making up his opinion in the case, and that said evidence and the absence of the testimony of the plaintiff's wife rejected by him, resulted in a different decision of the secretary of the interior than would have been made had Mrs. Empey's evidence been received and the defendant's evidence been rejected. It is alleged that said testimony of the defendant was false,

and that he therein committed perjury. It is not alleged, however, that the proofs offered by the plaintiff were sufficient to show his right to the certificate and patent, or that they did not show such change of residence or abandonment, and it is claimed that such adverse decision was partly owing to the absence of the testimony of Mrs. Empey, and it is not claimed that it was caused wholly by the testimony of the defendant. But conceding that the complaint shows substantially that the testimony of the defendant procured such adverse decision of the secretary of interior, it does not appear but that such testimony might have been contradicted and proved false and discredited, as well then before the secretary of interior as now before the courts, excepting that the testimony of Mrs. Empey was rejected. The statute provides that the facts of residence and cultivation shall be proved by two credible witnesses other than the applicant, and the complaint does not state whether such proofs were made, or could have been made; but it is stated that on the contest the plaintiff offered evidence to show his compliance with the law as to residence, and that the defendant produced witnesses to prove the non-residence of the plaintiff, and that such evidence was considered and acted upon. How does the plaintiff know that the decision would have been different if the false testimony of the defendant had not been given? It is true, he alleges that said testimony and the absence of that of his wife resulted in a different decision than would have been made without it and with the testimony of his wife. But the complaint does not show that the plaintiff knows or can know that fact. The defendant's testimony was cumulative to the testimony of other witnesses on the same side of the question, and the plaintiff's own evidence may have shown that he had changed his residence and abandoned the land, for aught that appears in the complaint. This is a vital defect in the complaint, in attacking

the adjudication of the land department in the contest, if the court has jurisdiction in this case to reverse or annul the decision of the secretary of interior.    The gist of such an action is not the *perjury* of the party, but the *unjust decision* or judgment consequent upon it, and it must therefore be shown that the decision was not supported by other evidence, and was the consequence of the false testimony or perjury of the party.    *Abbott v. Bahr*, 3 Pin. 193; *Stowell v. Eldred*, 26 Wis. 504; *Loucheine v. Strouse*, 49 Wis. 623.

By the same authorities there should have been made by the plaintiff every reasonable effort to have obtained testimony to contradict the false testimony of the defendant before the land officers, and diligence must be shown to have been used in procuring such testimony.    There should have been made an effort to reopen the case, and for its rehearing, upon the showing that such testimony was false and perjured and that the plaintiff was ready and able to prove the same.    On a motion to open such a judgment and for rehearing these things must be shown.    *Stowell v. Eldred, supra.*

The case so far has been treated as if the court had jurisdiction in such a case.    It would seem to be elementary and axiomatic that a court of equity will not assume jurisdiction of a cause in which adequate relief cannot be given. If the court in such a case should decide that the decision of the secretary of the interior was wrong and based upon perjured testimony, and that the plaintiff was entitled to the final certificate and the patent for the land, and go further, even, and reverse, set aside, vacate, or annul his decision and judgment, how could it be enforced, and what would be its effect?    Neither the United States nor the executive departments of the government are amenable to the state courts.    The decision would still stand and be enforced, and a patent would not be issued to the plaintiff, and might be issued to the defendant upon his final proofs.

The judgment of the court in such a case could not operate upon or in any way affect the *title* of the land, for the title is still in the government, or upon the right to the title, which would be respected by the government or its departments. The courts may have jurisdiction to inquire into the homestead right of a party to the patent of the United States under the laws of Congress, and to reverse the decision of the land department adverse to such right, when procured by fraud or perjury; but such jurisdiction can be exercised effectually only when the title is vested in a party amenable to such jurisdiction. In such a case, if it is found that the plaintiff had been defrauded out of his homestead right, and consequently his right to the patent of the United States, by the opposite party, who, by the same fraud, has procured such patent to himself, or by his perjury, in equity such title of the defendant will be held to inure to the plaintiff, and a judgment may be entered which will act effectually upon such title and compel the defendant to convey it to the plaintiff. But in exercising such a jurisdiction the court will not disturb the adjudication of the land officers in respect to such right, except in clear cases of fraud, mistake, perjury, or violation of law. This doctrine is well settled by this court and other state courts, and by the courts of the United States. *Lamont v. Stimson,* 3 Wis. 545; *Bross v. Wiley,* 6 Wis. 485; *Lombard v. Cowham,* 34 Wis. 486; *Morton v. Green,* 2 Neb. 441; *Corbett v. Wood,* 32 Minn. 509; *Gaines v. Thompson,* 7 Wall. 347; *Secretary v. McGarrahan,* 9 Wall. 298; *Litchfield v. Register,* 9 Wall. 575; *Johnson v. Towsley,* 13 Wall. 72; *Shepley v. Cowan,* 91 U. S. 330; *Marquez v. Frisbie,* 101 U. S. 473; *Smelting Co. v. Kemp,* 104 U. S. 636; *Steel v. Smelting Co.* 106 U. S. 447; *Baldwin v. Stark,* 107 U. S. 463; *Smith v. Ewing,* 23 Fed. Rep. 741; *Casey v. Vassor,* 4 McCrary, C. C. 127. Many other cases are cited in the brief of counsel to the same effect.

The point is made by the learned counsel of the appellant that this action may be sustained under sec. 3186, R. S. That statute requires the plaintiff to have both title and possession, and sec. 3197, R. S., gives to a homestead settler the right only to bring ejectment. How far in such an action the decision of the land officers may be reviewed is a question not in this case. The land department has still jurisdiction of this case, and may finally decide in favor of the plaintiff's, and against the defendant's, homestead right, and application may still be made to the secretary of the interior to review his former decision. This case is *sui generis*, and, so far as we know, without precedent. The possession of the land as between these parties may be within the control of the courts, but this question is not in the case.

*By the Court.*— The order of the circuit court is affirmed.