ANNA MICHAELIS *vs.* FRED MICHAELIS.

April 3, 1890.

**U. S. Homestead—Rights of Deserted Wife in Possession.**—A deserted wife, left in possession of a homestead, and recognized by the land department as having a right to contest the entry thereof by a subsequent claimant with notice, will be protected in her possession pending such contest, and may recover damages against such claimant for his wrongful acts in dispossessing her, and removing and destroying the improvements left in her possession; and she may in such case recover punitive damages if such acts are wilful and malicious, or accompanied with circumstances of aggravation.

**Same—Relinquishment by Husband Alone.**—The laws of the state in relation to conveyances of exempt homesteads do not apply to the relinquishment of homestead entries of United States lands.

Certain exceptions to the reception of evidence and to the charge of the court sustained.

Appeal by defendant from an order of the district court for Sibley county, *Edson*, J., presiding, refusing a new trial after verdict of $475 for plaintiff.

*R. H. McClelland*, for appellant.

*W. H. Leeman*, for respondent.

VANDERBURGH, J. Upon the 15th day of June, 1887, the plaintiff married August Michaelis, and went to reside with him upon his homestead claim in Sibley county, which he had already entered at the United States land-office, being the premises in question. The improvements thereon, consisting of a house, granary, and stable, he had previously purchased of a former occupant. Upon the 4th day of May, 1888, he filed his relinquishment, which was entered at the land-office; and he thereupon, as the evidence tends to show, made a formal sale of his improvements to one Rosser, for the alleged consideration of $300, (which the latter never paid,) but who, as it is claimed, soon after transferred the same to the defendant, who is the brother of August, and who claims to have paid therefor the sum agreed to have been paid by Rosser to defendant's father, and after-

wards, on the 22d day of June, 1888, was permitted to enter the same as a timber claim under the timber-culture act, and the usual cer-. tificate was issued to him. Plaintiff's husband, August Michaelis, upon relinquishing his homestead, abandoned the same, leaving his wife and child in possession thereof; and the evidence tends to show that he wilfully deserted and abandoned his family at that date, and that plaintiff insisted upon retaining the possession of the premises under the homestead act.

In view of the beneficent purpose of the homestead law to provide families with homes upon the public lands, the department, in administering it, have ruled that a deserted wife is to be treated as the head of a family, and, if she retains the possession of the land entered by the husband, she may continue to reside thereon, and may make final proof in his name, or make an entry thereof in her own name, upon proof of the fact of her husband's desertion. 2 Land Dec. Dep. Int. 81; 9 Land Dec. Dep. Int. 186. And this right of the deserted wife the department will respect, and will not permit to be defeated by a fraudulent and collusive relinquishment by the husband, in hostility to her rights. 14 Copp, Land-Owner, 258. Nor will absence from the premises, for periods not unreasonable, caused by sickness or poverty, be deemed sufficient to cause a forfeiture of her homestead rights. The evidence tends to show the plaintiff's rightful possession and occupancy of the land within the recognized rules and practice of the land department, and that the relinquishment of the homestead and the sale of the improvements to the defendant were fraudulent and collusive as against plaintiff. But her title must depend upon the result of the contest with the defendant before the land department, resulting from his application to enter the same land as a timber claim. That determination may be made upon issues and evidence of such a nature that it will necessarily be final, and not subject to be reviewed by the courts, or, if subject to be reviewed, they will not take cognizance of the case while pending before the department. *Corbett* v. *Wood*, 32 Minn. 509, (21 N. W. Rep. 734;) *Empey* v. *Plugert*, 64 Wis. 603, (25 N. W. Rep. 560.) But in the mean time the law will protect her in her possession and property, and restore it if forcibly taken from

her, and will interfere to punish trespassers who seek to turn her out of possession by force or violence. Gen. St. 1878, *c.* 85, § 1; *Atherton* v. *Fowler,* 96 U. S. 513. It is also claimed by the plaintiff that the department has expressly recognized her right to make such contest, but the record does not disclose any evidence of such action, though it appears to be fully warranted, under the regulations of the land department which we have referred to, and her right to contest the defendant's entry must be recognized.

Defendant knew that the plaintiff was in possession and claimed to be entitled to the homestead with the improvements, and knew that his brother had left her. He was entitled to contest her right to it, in the proper tribunal; but while the contest was pending he had no right, with force and strong hand, to dispossess the plaintiff, or destroy the tenements occupied by her. She being in the peaceable possession, and his claim not yet shown to have been determined to be superior, hers must be deemed the better right; and, if the jury believed the testimony in her behalf, they were warranted in awarding her the amount of damages actually done to the premises and suffered by her; and if the trespass was malicious, and accompanied with circumstances of aggravation, they might add punitive damages, but not unreasonable or disproportionate to the nature of the injury. The complaint was sufficient. It alleges plaintiff's title and ownership and peaceable possession, defendant's wrongful entry and trespasses, and the nature and extent of her damages. This was all that was necessary, under the statute. Upon the evidence in the case, she has a standing before the department to make her contest, and if she prevails she will retain the improvements abandoned by her husband; and if this be so, defendant was clearly a wrong-doer, and there is no legal justification for his conduct. He appears also to have been assisted by the plaintiff's husband and Rosser, and it would seem to have been a concerted effort on their part to drive her from the premises. The evidence also tends to prove that the husband did not let her know of his purpose to relinquish his homestead entry; but defendant knew of his intentions, and Rosser, who lived with them be-

fore August left, and who knew the facts, admits that he sold to defendant because he was afraid of a contest with plaintiff.

But there were some errors in law occurring at the trial, for which a new trial ought to have been granted. It was error, as against the objection of the defendant, to allow evidence of the fact that the plaintiff had given her husband all her money the winter before he left her. This was irrelevant, and presumptively prejudicial. The court was not asked to lay down the correct rule for the allowance of punitive damages. The defendant cannot complain of the omission so to do, but it was error for the court to intimate to the jury that the plaintiff was entitled to special or punitive damages, in excess of the value of the property destroyed by a simple trespass, because it would cost more to build them new than they were worth. It was also error to charge that a government homestead could not be relinquished without the written consent of the wife. The state law has no application in such cases.

Order reversed.