## STOLTZ vs. KRETSCHMAR.

*Trespass* quare clausum, *by whom maintainable.*

Where land is occupied by a tenant with no obligation to pay rent, the landlord cannot maintain trespass for an invasion of the close that injures only the growing crops, in which he has no interest.

APPEAL from the Circuit Court from *Milwaukee* County.

Trespass, for destroying fences on plaintiff's close, leaving portions of the land uninclosed, and injuring the growing grass. The answer denies that the premises belonged to the plaintiff. The facts proven at the trial will sufficiently appear from the opinion. The court refused to instruct the jury, at defendant's request, that if, at the time of the alleged trespass, plaintiff was not in possession of the premises, nor entitled to the present possession thereof, they must find for defendant. Verdict for plaintiff; new trial denied; and from a judgment on the verdict, defendant appealed.

*D. H. Johnson,* for appellant, to the point that plaintiff, having had neither actual nor constructive possession of the premises when the trespass was committed, could not maintain the action, cited 2 Greenl. Ev. §§ 614, 618; *Lienow v. Ritchie,* 8 Pick. 235; *Campbell v. Arnold,* 1 Johns. 511.

*Mason G. Smith,* for respondent, contended, upon the evidence, that Klein was in possession of the premises as the mere servant of the plaintiff, and therefore the instruction refused was not applicable to the facts. *Bertie v. Beaumont,* 16 East, 31. But even if plaintiff

was not in the possession, nor entitled to the present possession of the land, yet he could recover damages for an injury to the leasehold reversion.    Under the code the distinctions between the forms of action are abolished.

COLE, J. This is an action of trespass *quare clausun.* Of course the gist of the action is an injury done to the possession.    Unless a person is in possession of real estate, actual or constructive, he cannot maintain the action.    This principle is elementary.    The serious objection taken to maintaining the action on the trial was, that the testimony showed that the plaintiff was not in possession, but that his father-in-law, Klein, had the possession of the premises.    It was claimed, in answer to this objection, that Klein was but the servant or agent of the plaintiff, having no interest or title to the beneficial use or enjoyment of the property, and that his occupation was in law the occupation of the plaintiff. But the evidence does not show that this was the relation existing between Klein and the plaintiff.    It appears that the plaintiff put Klein upon the premises, to work them, about five years before the trial.    The plaintiff himself leased them of one Hussey.    And the plaintiff says that Klein occupied the premises ; was to work them according to his own idea ; was to have the hay and every thing that was raised upon the land ; and whatever surplus there might be, after supporting his family, Klein was to turn over to the plaintiff.    This shows that Klein was really the person entitled to the use and enjoyment of the property ; that the hay and crops belonged to him ; that the possession and occupancy was actually his ; and that he is the party to sue for an injury to the emblements, and not the plaintiff. *Clark v. Smith*, 25 Pa. St. 137.    Precisely what Klein's estate was, under the agreement—whether he was a tenant at will or for years—we need not determine.    Chancellor KENT says : "If the tenant be placed upon the land, with.

Stoltz vs. Kretschmar.

out any terms prescribed, or rent reserved, and as a mere occupier, he is strictly a tenant at will." 4 Kent, *114. And in this case we think it very clear, that the plaintiff could not determine Klein's estate at pleasure, and dispossess him without notice, so as to secure to himself the crops which Klein had sowed. So, as the plaintiff had not the actual possession of the premises when the injury was committed, he cannot maintain this action. There is no doubt that he could maintain an action on the case for an injury to his reversion, as lessee. For any act which, like waste, or a destruction of a portion of the land, is a permanent injury to the estate, the reversioner may maintain an action on the case, but not trespass. 1 Hill on Real Estate, 552, 553; *Lane v. Thompson*, 43 N. H. 320. But he has not alleged and proven any such injury. Nor can this objection be disregarded under the code. The plaintiff shows that it is not his rights which have been invaded, but the rights of another party. If his reversionary interest as lessee has been injured, that is a different matter. Such is not the cause of action stated in the complaint.

The motion for a nonsuit should have been granted, because the plaintiff failed to show that he was in possession of the premises at the time the alleged trespass was committed, but did show that the possession was in another person.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial ordered.