BROCK, Appellant, vs. DOLE, Respondent.

*March 17 — May 15, 1886.*

*Landlord and tenant: Waste: Injunction: Appealable order.*

1. An injunctional order was issued at the suit of a landlord restraining a tenant from erecting a chimney. Subsequently it was ordered that the injunctional order be modified so as to permit the defendant to use another chimney in a part of the building not rented by him, and that "in case the plaintiff will not permit said defendant to use said chimney upon request, then the said injunctional order be and the same is hereby dissolved." The plaintiff refused to permit the defendant to use such chimney, and appealed from the last-mentioned order. Afterwards an order was entered dissolving the injunctional order unconditionally. *Held,* that the order appealed from was in effect an order dissolving the injunction, and was therefore appealable.

2. It is waste for a tenant, whether rightfully or wrongfully in possession, to make any material alteration in a building, such as the erection of a chimney where there has been none, without the landlord's consent.

3. The commission of waste by a tenant upon the demised building, is good ground for an injunction. [TAYLOR, J., dissenting, is of the opinion that in this case there was no abuse of discretion in dissolving the injunction.]

APPEAL from the Circuit Court for *Clark* County.

Action to restrain the defendant from cutting through the ceiling and roof and erecting a chimney in a building occupied by him as a tenant of the plaintiff, it being alleged that such acts would cause the plaintiff great and irreparable damage. An injunctional order was issued upon the complaint by a court commissioner, October 5, 1885. On November 9, 1885, the court made an order modifying the injunctional order so as to permit the defendant to have access to and use another chimney between the room occupied by him and another room in the same building, and that "in case the plaintiff will not permit said defendant to use said chimney upon request, then the said injunctional

order be and the same is hereby dissolved." The appeal is by the plaintiff from said order of November 9. Other facts will appear from the opinions.

*James O'Neill*, for the appellant.

*R. J. MacBride*, for the respondent, contended, *inter alia*, that an injunction will not lie to restrain a mere naked trespass, unless the trespasser is insolvent or the injury *irreparable.* Hilliard on Injunctions, 319; *Falls Village W. P. Co. v. Tibbetts*, 31 Conn. 168; *Smith v. Oconomowoc*, 49 Wis. 694; *Wilson v. Mineral Point*, 39 id. 160; *Weigel v. Walsh*, 45 Mo. 560. An injunction ought not to be granted where the benefit secured by it to one party is of but little importance, while it operates oppressively and to the annoyance and injury of the other party. *De Veney v. Gallagher*, 20 N. J. Eq. 33; *Gentil v. Arnand*, 38 How. Pr. 94; *Clark's Appeal*, 62 Pa. St. 447.

COLE, C. J. The learned counsel for the defendant insists that the injunctional order of November 9th was superseded or abrogated by the subsequent order of November 13th; therefore this appeal should be dismissed because the order is not appealable. By the order of November 9th the circuit court modified the injunctional order granted by the court commissioner so as to permit the defendant to have access to and use of the chimney between the barber-shop and the room occupied by him; and this order further provided, in case the plaintiff did not, or would not, permit the defendant to use the chimney on request, then the injunctional order be, and the same was, dissolved. It appears that the day following the making of this order a personal request was made of the plaintiff to permit the defendant to use the chimney, which request was refused. On proof of this fact being made, the order of November 13th was entered, unconditionally dissolving the injunction granted by the court commissioner. But as soon as the plaintiff re-

fused to assent to the condition upon which the injunction was to be continued, such injunction fell by its very terms. The subsequent order performed no other office than to furnish record evidence of an extrinsic fact that a request had been made and refused; in other words, that the injunction was dissolved. It did not, and of course could not, dissolve an injunction which was no longer in force.

The appeal in this case was from the order of November 9th, and was perfected November 12th, after this conditional order had become absolute and the injunction dissolved. So it is really an appeal from an order which dissolves an injunction, and must be so considered. In that view, there can be no question as to its appealability.

On the merits, we are of the opinion that the injunction should have been continued. It is claimed by the defendant that he is rightfully in possession of a certain building as tenant of the plaintiff. It appears there was a dispute and litigation between the parties as to when the tenancy expired. Two actions for unlawful detainer had been commenced by the plaintiff, which were pending on appeal when this suit was instituted. The defendant had for three years or more occupied a store-room in a one-story frame building, which was owned by the plaintiff, adjoining a room occupied as a barber-shop. There was a chimney on the west side of the barber-shop adjoining the room occupied by the defendant. A hole had been cut from the room occupied by defendant, and a thimble put into the chimney, so that, by means of a stove-pipe attached to the chimney, the defendant had warmed his room with a stove. In the summer of 1885 this chimney was condemned by the authorities as unsafe and dangerous, and was taken down by the plaintiff. Another was rebuilt, but was so constructed as not to connect with the defendant's room. He claims that the plaintiff, to prevent him from using it, had placed a piece of sheet-iron on the side of the chimney next to his

partition. In October the defendant commenced the erection of a chimney upon the inside of his room, cut a hole through the ceiling, and was about cutting a hole through the roof, when the injunction was obtained restraining him from proceeding with the work. There had never been a chimney where the defendant proposed to build one, and the plaintiff did not desire any there. She claimed that the proposed chimney, if erected, would greatly damage the building, sink the floor, etc.

The contention of the plaintiff is that a tenant, whether rightfully in possession or not, cannot, without the consent of the landlord, make material changes or alterations in a building to suit his taste or convenience, and, if he does, it is waste. The law is undoubtedly so settled. "Any material change in the nature and character of the buildings made by the tenant is waste, although the value of the property should be enhanced by the alteration." *Kidd v. Dennison,* 6 Barb. 13; *Douglass v. Wiggins,* 1 Johns. Ch. 435; Story's Eq. Jur. § 913; Willard's Eq. Jur. 373. In *Jackson v. Andrew,* 18 Johns. 434, the court say "that a tenant cannot, under the pretense of advantage to the reversioner, change the nature of the buildings; and many cases show that such changes, though beneficial, would be waste." "The ground on which alterations in demised premises, not prejudicial to the value of the property, have been declared waste, is that they change the identity of the estate." Willard's Eq. Jur. *supra.* "If a tenant makes any essential change in a dwelling, he is liable in waste. Thus, if he takes down a partition, and makes two rooms into one, or if he sets up a permanent partition, and makes one room into two, it is waste." Wood on Landl. & T. 704. "A landlord need not wait until waste is actually committed; for if he ascertains that the tenant is about to commit any act which would operate as a *permanent injury* to the estate, the court will interfere, and restrain him from

doing such act; and whether he begins or threatens or shows an intention to commit waste, an injunction will be granted." Taylor on Landl. & T. § 691; *Poertner v. Russel*, 33 Wis. 193.

It is said that an injunction will not lie to restrain a mere naked trespass, unless the. act complained of operates such irreparable mischief that it is not susceptible of compensation in damages by an action at law. The general correctness of this proposition may be admitted, though it has its exceptions. But the commission of waste by the tenant upon the demised building is held to be a good ground for an injunction. 1 High on Inj. § 434.

It appears that the defendant, on the rendition of the judgment against him by default in the second unlawful detainer suit, immediately appealed to the circuit court and gave the undertaking prescribed by sec. 3368, R. S. It is said the giving of such an undertaking secured to the defendant the right to remain in possession until the appeal was determined. Sec. 3369, R. S. But still the defendant had no right, while he thus remained in possession, to make any material alterations or changes in the building, as he attempted to do.

For these reasons we think the injunction granted by the commissioner should have been continued in force without modification.

TAYLOR, J. This is an appeal from an order of the circuit court which in effect dissolved an injunction which had been granted in said action. The action was brought by the appellant, claiming to be the owner of a certain wooden building situate in the city of Neillsville, the front room of which was occupied by the respondent as a confectionery and fruit store, and had been so occupied by him, as the tenant of the appellant and her grantors, for three years or more. The plaintiff claimed that the defendant was holding

over after the expiration of his lease, without any right whatever; that an action was pending to remove him under the statute; that such action had been commenced in justice's court, and, upon judgment against him in the justice's court, the defendant had appealed to the circuit court and given his bond under the provisions of sec. 3368, R. S., to stay proceedings, and to authorize his retention of the possession until the termination of said action in the circuit court.

The complaint then alleges that the defendant was about to erect a chimney in said building, from the room occupied by him, and for that purpose had cut a hole in the ceiling of the room, and through the roof. Other facts were stated in the complaint, but they all go to show that nothing was intended by the defendant, except to erect a chimney from the room occupied by him.

Upon the complaint an injunction was granted restraining the defendant from erecting the chimney. On motion of the defendant the court directed the injunction to be dissolved unless the plaintiff would permit the defendant to use a chimney already existing in said building, in the room adjoining the one occupied by the defendant, which had lately been built in the place of one which had been used by him theretofore during the time he had occupied the building as the tenant of the plaintiff and her grantors. On the motion to dissolve the injunction, it was shown that there was no chimney in the room occupied by the defendant, and had not been during the time he had so occupied it, but that there had been a chimney in the room adjoining his room, and next to the partition between the two rooms; that he, as such tenant, had been permitted to use said chimney through a hole in the partition, opening into said chimney on the side next such partition, into which the pipe from his stove entered said chimney.

It also appeared that some time during the summer pre-

ceding the filing of the complaint in this action the plaintiff had taken down said chimney because it was unsafe, and rebuilt it in said adjoining room next to said partition in the same place of the old chimney, but left no hole in the chimney on the side next to the defendant's room, and refused to permit the defendant to open a hole in said chimney so that he could have the use thereof for the stove in the room occupied by him; and, further, to prevent the use of the new chimney by the defendant, she placed a piece of sheet-iron between the chimney and the partition, so as to effectually shut the defendant off from the use of the chimney, and for that reason the defendant had commenced to build a chimney from his room when this action was commenced.

In this situation of the case I think it was purely a matter of discretion with the circuit court whether the injunction should be continued or not, especially in view of the wilfulness of the plaintiff in refusing the use of the chimney on the opposite side of the partition to the defendant, as he had theretofore used it.

There was no satisfactory proof that the building of the chimney would damage the house in any way, nor is it very clear that the building of a chimney is an act of waste; but, if it were waste and a damage, it was such waste and damage as could be easily compensated by a money judgment, either in an action of waste under the statute, or as would be awarded to the plaintiff in the action pending in the circuit court to remove the defendant if she recovered in such action, and for the payment of which damages the defendant had given ample security.

The thing threatened to be done by the defendant was not of so grave a character as to call for the equity powers of a court of chancery to interfere by way of injunction. The building of a chimney in a one-story wooden building, in the city of Neillsville, can in no just sense be said to be

an irreparable injury to the plaintiff; especially when she wilfully and unnecessarily creates the necessity for building it, apparently for the sole purpose of annoying and injuring the defendant by refusing to permit him to use the chimney already erected.

Under the circumstances, I think the learned circuit judge exercised a wise discretion when he made the order appealed from. That the granting of an injunction is in the discretion of a court of equity, see 2 Story's Eq. Jur. § 863; 1 Madd. Ch. Pr. 125. Maddocks in his work says: "All injunctions are discretionary, and are granted upon the circumstances of the case." *Potter v. Chapman,* Amb. 99; *Roberts v. Anderson,* 2 Johns. Ch. 202; *Hanson v. Gardiner,* 7 Ves. Jr. 307.

In *Roberts v. Anderson,* Chancellor KENT says: "The granting and continuing of the process [injunction] must always rest in sound discretion, to be governed by the nature of the case." In *Potter v. Chapman,* Chancellor HARDWICKE says: "There cannot be a stronger instance that such injunctions are not of course than the case of waste. After answer comes in and affidavits read, the court will, according to their discretion, continue the injunction till hearing or not, and yet the plaintiff may go on with the cause and finally have a decree to stay waste." That the issuing or vacating an injunction is in the discretion of the court, see, also, the following cases in this court: *Sheldon v. Rockwell,* 9 Wis. 167; *Pettibone v. La C. & M. R. Co.* 14 Wis. 443; *Cobb v. Smith,* 16 Wis. 661; *Attorney General v. Railroad Cos.* 35 Wis. 425. Bad faith on the part of a party applying for an injunction is good ground for refusing the same, or for dissolving it after it has been obtained. *Haight v. Lucia,* 36 Wis. 355, 362.

Under the rule that the granting or vacating an injunction is a matter very much in the discretion of the court in which the action is pending, I fail to find any grounds in

this case for holding that the circuit judge abused his discretion in dissolving the injunction in this case. I think the order should be affirmed.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.