WATSON, Appellant, vs. HARRIGAN, Respondent.

*November 9 — November 29, 1901.*

*Landlord and tenant: Injury to inheritance.*

By direction of a tenant, whose lease from plaintiff had five years yet
to run, defendant drove upon the leased premises for the purpose
of delivering coal, and in so doing broke a plank curbing and board
sidewalk and cut furrows in the lawn. The tenant was bound by
the lease to "properly use the premises and keep the same in proper
repair and condition." *Held,* that defendant's acts must be re-
garded as the acts of the tenant, for which the latter would be
liable if they constituted a breach of said covenant, but that the
injury was not of such a substantial and permanent character as
to be an injury to the inheritance for which plaintiff might main-
tain an action under sec. 2198, Stats. 1898.

APPEAL from a judgment of the circuit court for Eau Claire
county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

*Arthur H. Shoemaker,* for the appellant.

For the respondent the cause was submitted on the brief
of *Frederick M. Miner.*

CASSODAY, C. J.    The complaint alleges two causes of ac-
tion. The first is that in March, 1898, the defendant un-
lawfully, wantonly, maliciously, and with intent to injure
the plaintiff and her property drove a team of horses and a
large dray wagon heavily loaded with coal hitched thereto
over and across the premises therein described, then and
ever since owned by the plaintiff, thereby permanently
breaking down and destroying the plaintiff's curbing along
the boulevard in front thereof, and cutting deep and per-
manent furrows in and across the boulevard and premises
with the wheels of his wagon, and destroying the sod and
greensward on the premises, and permanently destroying
and mutilating the grade and surface of the premises. The
second cause of action alleged is for doing substantially the
same things to the same premises October 27, 1898.

The defendant answered by way of a general denial, and alleges, in effect, that during the times mentioned the premises were in the possession of one Louis Levy, who occupied the same and the dwelling-house and buildings situated thereon as a residence; that during all the times mentioned the firm of Harrigan Bros., in Eau Claire, were running a dray and express line, and dealing in and selling coal and wood, and delivering the same to their customers; that at or about the times mentioned they sold to said Levy several tons of coal, and delivered the same to him at and upon said premises; and that in making such delivery it was necessary for Harrigan Bros. to enter and drive upon the premises with their wagons, teams, and servants for the purpose of delivering the coal to Levy at the place provided therefor; and that they and the defendant, as their servant, did so by the express direction and command of said Levy, so in the possession and occupancy of the premises; and that such acts constitute the alleged wrongful acts complained of herein in both causes of action.

At the close of the testimony on the part of the plaintiff the court granted a nonsuit, and from the judgment entered thereon the plaintiff brings this appeal.

It appears from the plaintiff's testimony that she had title to the premises long prior to the acts complained of; that the premises were rented to Louis Levy August 17, 1893; that his lease was to run for five years from that date, with the privilege of five years more; that the rent was $300 a year, payable in monthly instalments of $25 each; that the lease contains a provision to the effect that at the end of the period of five years, or at the end of the additional term of five years, he would deliver up the possession of the premises to the plaintiff peaceably, and would properly use the premises and keep the same in proper repair and condition, except damage by fire or the elements; that Levy was still occupying the premises under the lease, and that the same

would continue to run until August 17, 1903. The evidence on the part of the plaintiff tends to prove that upon each of the occasions mentioned the defendant drove the horses and wagon loaded with about two tons of coal over the sidewalk, boulevard, lawn, and curbing of the premises in question, and thereby made ruts or furrows in the ground; that the boards in the sidewalk were thereby broken; that the boulevard or curbing was made of dirt and heavy hemlock plank, and was pulled out; that afterwards the plaintiff fixed the boulevard, and nailed boards over the sidewalk, and filled the ruts or furrows; that the furrows washed out several times, and had to be refilled; that it cost at least $10 to make such repairs.

Counsel for the plaintiff is undoubtedly correct in contending that a landlord may maintain an action for damages for permanent injury to the inheritance, even where the premises are in the possession of his tenant. This is conceded in a case said to have been followed by the trial court. *Stoltz v. Kretschmar*, 24 Wis. 283, 285. See, also, *Schiffer v. Eau Claire*, 51 Wis. 385, 389; *Gunsolus v. Lormer*, 54 Wis. 630, 633; *Brock v. Dole*, 66 Wis. 142; *Melms v. Pabst B. Co.* 104 Wis. 10–13. The statute expressly declares that "a person seized of real estate in remainder or reversion may maintain an action for an injury done to the inheritance notwithstanding any intervening estate for life or years." Sec. 2198, Stats. 1898.

The important question presented is whether the evidence is sufficient to authorize a recovery in this action. The plaintiff's tenant, Levy, was undoubtedly authorized to supply the premises with coal. The place provided for the deposit of coal was in the cellar or basement. Levy purchased his coal from Harrigan Bros., who were to deliver the same in the basement of the house occupied by him and rented from the plaintiff. The defendant was in the employ of Harrigan Bros., and delivered the coal to Levy for them, as

directed. To make such delivery in the basement, it was necessary to drive in upon the premises as was done, or to carry the coal from the street to the basement. The teams, with wagons so loaded with coal, were driven in upon the premises, not only with the sanction, but by the direction, of Levy. By the express terms of the lease, as admitted by the plaintiff, Levy was bound to "properly use the premises and keep the same in proper repair and condition, except damages by fire or the elements." This would probably have been the rule without such provision in the lease. 1 Wood, Landlord & T. (2d ed.), § 365; *Cole v. McKey*, 66 Wis. 500, 505, 506; *Dowling v. Nuebling*, 97 Wis. 350; *Anderson v. Hayes*, 101 Wis. 543. It is enough to know that it is covered by the lease. In the case at bar the acts of the defendant, as the servant of Harrigan Bros., in delivering the coal as directed by Levy, must be regarded as the acts of the latter, as tenant under the lease. If he failed to properly use the premises, or to keep them in proper repair and condition, he was liable in damages to the plaintiff on his lease. The plaintiff testified that she regarded him "perfectly good for the payment of a thousand dollars." The lease had nearly five years to run after the last load of coal was delivered. The acts complained of were not of such a substantial and permanent character as to authorize a finding that they had done an injury to the inheritance.

*By the Court.*— The judgment of the circuit court is affirmed.